## Henry Swinosynski, Appellee, v.  Kelly Coal Company, Appellant.

1. TRIAL—*when remarks of counsel ground for reversal.*   In an action under the Mines and Miners Act for wilful violation of the statute, remarks of counsel as follows: "They take them down there and cripple them and then throw them back on you citizens of this county," is prejudicial and ground for reversal even though objection to such remarks is sustained by the trial court.

2. MINES AND MINERS ACT—*when instruction submits improper issue.*  In an action to recover for the wilful violation of the Mines and Miners Act, it is error to submit the cause to the jury as one of negligence.

Action in case for personal injuries.   Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.   Heard in this court at the May term, 1908.   Reversed and remanded.   Opinion filed November 24, 1908.

BUCKINGHAM & TROUP, for appellant.

WALTER V. DYSERT and THOMAS A. GRAHAM, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Vermilion county against appellant to recover for damages alleged to have resulted to appellee, a coal miner, from the wilful failure of appellant to furnish appellee proper cap-pieces and props, for his use, while working in appellant's coal mine.   There was a verdict in favor of appellee in the sum of $2,500 upon which judgment was rendered.   The coal company appealed.

The case was tried upon two additional counts to the declaration, the original declaration, as amended, having been dismissed.   Said two additional counts alleged liability upon the part of appellant, first, because, it being necessary for appellee, as a coal miner for appellant, to have props and cap-pieces at his

working place to make the roof of his room secure, and he having demanded eight-foot props of the mine manager of appellant, said coal company wilfully failed and neglected to furnish such props and caps, by means whereof a rock fell from such roof and appellee was injured; second, because after proper demand made, etc., said coal company wilfully neglected and failed to furnish to appellee proper cap-pieces and props of suitable lengths and dimensions for the purpose of securing the roof, etc.

The case seems to have been tried solely upon the ground that the coal company was guilty of wilful failure and refusal to comply with the demands of appellee for props and caps and a considerable amount of testimony was taken to show the presence or absence of props and caps in appellee's room, at the time of his injury.

Appellant has assigned several errors upon the record, which we shall not take time to discuss as the case must be reversed for the misconduct of appellee's counsel and because of the giving of appellee's fourth instruction, and a discussion of the case upon its merits can serve no good purpose at this time.

Appellee's attorney in his opening argument to the jury said: "They take them down there and cripple them and then throw them back on you citizens of this county," to which an objection was made and sustained by the court, who remarked to the jury: "There is no evidence of the kind in the record. The jury are instructed to disregard statements not supported by evidence."

This remark of counsel could not have failed to be highly prejudicial to appellant's cause, as it clearly implied a charge by counsel that appellant was disposed, or by custom was willing, to take miners into its service and cripple them and then throw them upon the county so that they should become a public charge upon the citizens of the county. No other interpretation could attach to the words used, under the

circumstances, and appellee's argument that counsel's meaning was that upon being injured such miners must bring suit to recover their damages seems strained and unreasonable.

It is true that the trial court attempted to overcome the effect of the remark and told the jury to disregard the statement, yet the harm had already been done, and its nature was too serious to be eradicated from the minds of the jury by anything the court could say.

In Chicago Union Traction Co. v. Lauth, 216 Ill. 176-183, the court say: "A ruling does not always remove the ill effects of misconduct of counsel. The rule is that although the trial court may have done its full duty in its supervision of the trial and in sustaining objections, a new trial should be granted where it appears that the abuse of argument has worked an injustice to one of the parties."

Appellee's fourth instruction as given was as follows:

"You are instructed that a corporation is a creature of the law and is an intangible being only; that its functions are necessarily performed by means of agents and servants; that the act of an agent or servant of a corporation acting within the scope of his employment or authority is in the law the act of the corporation principal, and in this case and if you believe from the preponderance of the evidence that the servants or agents of the defendant acting within the scope of their respective authority and employment were guilty of the negligence charged in the two additional counts of the declaration then such negligence is to be imputed to the defendant corporation and in arriving at your verdict is to be considered by you as the negligence of the defendant."

This instruction was misleading. It called the attention of the jury to the charge in the additional counts of the declaration as being "negligence" and wrongfully submitted the case to the jury as one of "negligence" whereas the action or right of recovery

rested solely upon an alleged wilful violation of the provision of the statute, under which provision no recovery can be had unless there was a wilful or conscious failure to comply therewith. Furthermore the duty to furnish props and caps, which was the duty alleged to have been wilfully neglected, rested upon the mine manager, by the provisions of the statute, and no recovery can be had by showing that some one else, although an agent or servant of the corporation, had neglected or failed to furnish caps and props upon demand of the miner.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*