(No. 22459.—

The People of the State of Illinois, Defendant in Error, *vs.* Peter Davis, Plaintiff in Error.

*Opinion filed June 19, 1934—Rehearing denied October 5, 1934.*

JOSEPH LUSTFIELD, (ODE L. RANKIN, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

By this writ of error to the criminal court of Cook county, plaintiff in error, Peter Davis, questions the legality of the calling and impaneling of the August, 1933, grand jury of that county.

In 1931 John Prystalski was a judge of the superior court of Cook county and continued as such until June, 1933. At that time he resigned as superior court judge to accept the office of judge of the circuit court, to which he had been elected. During his term as superior court judge he was assigned to duty in the criminal court of Cook county for the years beginning in September, 1931, and in September, 1932. His term of service under the last assignment would have ended in September, 1933. In June, 1932, then being a judge of the superior court and *ex-officio* judge of the criminal court, he was elected chief justice of the criminal court for the year commencing in September, 1932, and ending in September, 1933. In June, 1933, having assumed his duties as a circuit judge, he was again assigned to the criminal court. Once more he was elected chief justice of that court in order that he might serve out his term as chief justice to which he had been elected while a superior court judge. When he called and impaneled the August, 1933, grand jury he was a judge of the circuit court and serving as chief justice of the criminal court. By motions to quash the indictment and

in arrest of judgment, both of which were overruled, defendant questioned the legality of Judge Prystalski's assignment to the criminal court and his elevation to the chief justiceship. In disposing of this contention it is necessary to state the pertinent rules of organization of the circuit, superior and criminal courts of Cook county, adopted for the purpose of synchronizing and facilitating an orderly disposal of the individual and interlocking tasks imposed upon those courts by law.

Rule 6 of the circuit court states: "The judges who are to sit in the criminal court of Cook county shall be assigned by the executive committee of said court from among the judges of the law and chancery division of the court as nearly as may be in rotation."

Rule 6 of the superior court provides: "The judges who are to sit in the criminal court of Cook county shall be designated by the executive committee of court from among the judges of the law division of their respective courts as nearly as may be in rotation."

Rule 12 of the criminal court reads: "Before adjournment for summer vacation the *ex-officio* judges of the criminal court shall select one of the judges assigned for service in the criminal court for the year following the summer vacation to act as chief justice of said court for such year. He shall preside over branch one (1) and determine by lot over which of the other branches his associates will sit."

Rule 13 of the criminal court is as follows: "The chief justice shall exercise the general administrative powers of the court, and to that end shall order and impanel all grand juries, have charge of general arraignments, calls of the docket, assignment of cases to the several branches and preparation of trial calendars of lists of cases, and hear all *ex parte* applications and all motions except those in cases assigned to the other branches. In his absence such powers shall be exercised by one of the associate judges present in the numerical order of his branch."

The abstract of the bill of exceptions does not disclose a statement to the effect that Judge Prystalski, as circuit judge, was first assigned to either the chancery or law division of that court before he was assigned to the criminal court. Neither does it show an assignment of the same person, as superior court judge, to the law division of the superior court before he was assigned to the criminal court. This last statement applies also to Judge Molthrop of the superior court, who was the trial judge in this case.

Defendant leans quite heavily on the case of *People* v. *Feinberg,* 348 Ill. 549, to support his position. On casual inspection that case would seem to hold that court rules are almost inviolable. What was said in that case, however, must be read in the light of the particular facts we had to consider therein. Judge Feinberg, a judge of the circuit court of Cook county, called and impaneled a special grand jury, he then acting as a judge of the circuit court. He was not, prior to his election, assigned to duty in the criminal court. Careful perusal of the opinion in that case will disclose that we held his action a nullity, not because he had violated a rule of court but because section 26 of article 6 of the constitution applied. The assignment orders of the circuit and superior courts, based upon the rules of organization of the two courts, naturally should conform substantially to those rules. Rules once adopted by judges of a court, as we said in the *Feinberg case,* must not be contrary to the constitution and statutes. Such rules will be binding upon the judges, unless in a particular case, for good cause, they should be disregarded.

Assuming for the moment that the two courts did not make the requisite divisional assignments of those judges who were afterwards assigned to the criminal court, what harm has been done to defendant? He has, it is true, asserted that he has been materially harmed, but a search of the record has failed to unearth any particular thing which militated against his receiving a fair and impartial trial

under the law. The bill of exceptions is conclusive that Judge Prystalski was assigned to the criminal court at the same time the remaining judges of the two courts were assigned to certain divisions under the rules. The assignment of judges to the criminal court and the assignment of other judges to divisions were contemporaneous acts. There is one exception to this statement: Judge Prystalski after his election to the circuit court was assigned in June, 1933, to the criminal court. This was a reasonable and practical move, for he had been serving contemporaneously on the criminal court as a judge of the superior court, and, furthermore, was chief justice. The order of assignment of June, 1933, in effect continued him in his *ex-officio* office of criminal court judge. Immediately after his assignment in June, 1933, he was made chief justice in order that he might finish out his term as chief justice commenced when on assignment from the superior court. Such procedure expedited the work of the criminal court, and by preventing a waste of time and labor redounded greatly to the benefit of litigants and lawyers entitled to an expeditious disposal of their cases.

Rules of court should be obeyed. This, however, does not imply such unswerving obedience as to preclude reasonable action thereunder where no material harm is done to any litigant or person charged with crime. We can perceive no reason why rules of court should be interpreted or construed more strictly than statutes in general. When we apply the well known canons of construction used in construing general statutes to the rules in question, the inescapable conclusion is that the rules have been substantially complied with, judged by the reason for their existence and the results to be achieved by their operation. Such rules are not mandatory, for in a particular case, for good cause, they may be disregarded. (*People* v. *Feinberg, supra; People* v. *Smith,* 275 Ill. 210.) The failure to first assign the criminal court judges to a division of their re-

spective courts, assuming there was such failure, amounted to no more than the non-observance of an administrative rule of court. Such action did not prevent defendant from having that fair and impartial trial to which he was entitled and did him no harm.

The judgment is affirmed.               *Judgment affirmed.*