Arthur Eick, Appellant, v. Julia Eick, Appellee.

Gen. No. 37,511.

Opinion filed October 29, 1934.   Rehearing denied and opinion slightly modified November 9, 1934.

DUNN & FUMEL, for appellant; MAX DUNN and SAMUEL FUMEL, of counsel.

EUGENE P. MEEGAN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

December 5, 1933, Arthur Eick filed his verified bill for divorce against the defendant, alleging that on November 29, 1932, she deserted him.  She answered, denying the desertion, and afterward filed a cross-bill praying for separate maintenance in which she charged that her husband wilfully deserted her on November 29, 1932.  He filed an answer denying the charges, and after the issues were made up the court heard the evidence, found in favor of the wife, awarded her the custody of their three-year-old child and decreed that he pay her $12 a week for the support of herself and the child.  Complainant and cross defendant appeals.  For convenience he will hereinafter be referred to as complainant.

1.  Complainant contends that the Honorable Roman E. Posanski who heard the case and entered the decree had no jurisdiction to hear the cause because it was not assigned to him in accordance with the rules

of the circuit court of Cook county, and considerable argument is indulged in to the effect that the case was first before Judge LaBuy of the circuit court of Cook county, and on January 31, 1934, an order was entered by Judge LaBuy setting the cause for hearing on February 7, 1934, in room 1123 County Building.

There appears in the record a motion of complainant on March 2nd, immediately following the entry of the decree, in which complainant objects to the jurisdiction of Judge Posanski to enter the decree on the ground that the cause had not been assigned to him by the executive committee of the circuit court of Cook county, and another motion at the same time that Judge Posanski had not been assigned to hear cases in Cook county.

The placita states that Judge Posanski is a judge of the city court of Calumet City, Illinois, holding a branch of the circuit court of Cook county at the request of the judges of the circuit court of Cook county. The decree was entered by Judge Posanski March 1, 1934, and there is nothing in the record to contradict the placita. This shows that Judge Posanski had jurisdiction of the cause. The mere making of the motion after the decree was entered is wholly insufficient to show that the cause was not properly before him.

2. A further contention is made by counsel for complainant that at the close of complainant's case defendant made ''A motion for a directed verdict and to dismiss the complainant's cause''; that the court denied the motion and therefore a decree should have been entered in favor of the complainant because his evidence warranted such decree. There is nothing to sustain complainant's contention except a written motion made by him after the entry of the decree, which recites that at the time of the entry of the decree complainant moved the court to enter a decree in his favor

and to dismiss the cross-bill on the ground that after the introduction of all of complainant's evidence, the defendant's solicitor moved "for a directed verdict and for a dismissal of said original bill of complaint," which motion was denied. Obviously this written motion entered at the time of the entry of the decree does not prove itself, and there being no certificate of evidence or report of the trial in the record, we must rely on the facts stated in the decree. It recites that the cause came on to be heard on the bill and cross-bill and evidence taken before the chancellor. There is nothing in the record which would overcome the recitals in the decree. There is no merit in the contention.

3. It is next contended that the court erred in not disposing of the original bill before entering the decree granting relief on the cross-bill. It is true that the proper practice would have been to dismiss the original bill for want of equity before entering the decree on the cross-bill, but this is substantially what was done. *Neely v. Neely,* 223 Ill. App. 168. Complainant in his bill charged that on November 29, 1932, defendant deserted him without cause. The defendant and cross complainant, in her cross-bill charged that her husband deserted her on the same day, November 29, 1932. The decree recites that the cause came on to be heard on the bill and cross-bill and the evidence, and the court found the equities were with the defendant and that complainant had been guilty of wilful desertion. This, in substance, was a finding that complainant's bill was without equity. While the record is not technically accurate, it is sufficient.

4. Counsel for complainant further contend since the statute on separate maintenance provides that the suit must be brought in the county where the husband resides, or if he abandons his wife without fault on her part, and removes to another county in this State,

then suit may be brought by the wife either in the county where they resided at the time of such abandonment, or in the county where the husband resided at the commencement of the suit. (Pars. 22 and 23, chap. 68, Cahill's 1933 Statutes.) And counsel say that in the instant case "the cross-bill by the defendant for separate maintenance does not allege venue of the complainant and cross defendant"; that the residence of the complainant is essential and therefore the decree is erroneous and cannot stand since there is no certificate of evidence or report of the trial in the record. Complainant in his verified bill for divorce swears that he is a resident of Cook county, Illinois, and that he has been such resident for more than a year immediately preceding the filing of his bill. Defendant in her cross-bill alleges that she was and has been for more than one year last past immediately preceding the filing of her cross-bill, a resident of the City of Chicago, County of Cook and State of Illinois. While there appears to be no specific allegation in the cross-bill as to the residence of the complainant, it does recite the filing of the bill of divorce by the complainant and admits that the parties were married in Chicago as alleged in complainant's bill. In these circumstances, we think the objection is hypercritical and without merit.

5. A further point is made that the court should have granted complainant a change of venue in accordance with the petition he filed. In support of this it appears in the brief of counsel for complainant that the petition for a change of venue was not filed until after the hearing of the cause but before the decree was entered by the chancellor. The record discloses that the petition was presented after the close of all the evidence and after the chancellor had made his finding. It is obvious that the petition came too late. If it were permissible to file a petition for a change

of venue after the evidence is all heard and the court has announced his decision, then there might never be a decision in any case because the party who was defeated could then present his petition for a change of venue. Obviously, this is not the law. The petition, not being presented in time, was properly denied.

6. It is further contended that a decree for separate maintenance must contain findings of the ultimate facts, or there must be a certificate of evidence which will sustain the decree. And it is argued that since there is no certificate of evidence or report of the trial, the findings of the decree are insufficient. This was the law prior to January 1, 1934, but on that date the new Civil Practice Act went into effect, and par. 3 of sec. 64 of that Act (chap. 110, p. 2158, Cahill's 1933 Statutes) provides: "No special findings of fact or certificate of evidence shall be necessary in any case in equity to support the decree." This makes chancery proceedings the same as actions at law. If complainant desires to raise the question of the insufficiency of the decree which has gone against him, he must preserve the evidence. The evidence not being preserved, the contention cannot be sustained.

7. The court awarded cross complainant $50 as and for her solicitor's fees and decreed that complainant and cross defendant pay $12 a week for the support of the defendant and the minor child. Complainant contends that there is no finding in the decree that complainant has the ability to pay these sums, nor is there any finding that the wife has not sufficient funds to support herself and child, and further that there is no finding that the services rendered by solicitor for defendant and cross complainant were reasonable. These points cannot be availed of since the complainant did not preserve the evidence under the provisions of the statute above quoted.

8. Complainant also contends that the failure of the defendant to file notice of appearance in the trial court "is an admission and confession of the errors contained in all of the pleadings and proceedings in the cause"; and that Rule 35 of the Supreme Court requires one who has been served with notice of appeal to file his appearance in the trial court within 10 days after receiving such notice, and that no such appearance appears in the record. Rule 35 of the Supreme Court provides that "Each appellee . . . shall within 10 days after service of notice of appeal, serve a notice of appearance upon each party or attorney or firm of attorneys who signed the notice of appeal and file a copy thereof in the lower court"; and "(3) Any appellee who fails to serve and file a notice of appearance shall be deemed in default," we think was inserted in the rule through an inadvertence and is not mandatory. (*People v. Davis*, 357 Ill. 396.) We see no reason why one who files a case in the trial court should enter his appearance in that case where an appeal has been taken by the other side. His appearance is already in the case. But in any event, the rule does not say that where an appellee fails to file his appearance the decree will be reversed. The rule simply says that he shall be deemed to be in default, but this does not require a reversal of the decree if the record discloses that it has been properly entered.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

McSURELY and MATCHETT, JJ., concur.