Sherrill Lynn Johnson, a Minor by Carl E. Johnson and Lula Katherine Johnson, her Next Friends, Plaintiff-Appellee, v. Glenn Stotts, Defendant-Appellant.

Gen. No. 9,788.

Opinion filed November 6, 1951. Released for publication December 3, 1951.

GRAHAM & GRAHAM, of Springfield, and EPLER C. MILLS, of Virginia, for appellant; JAMES J. GRAHAM, of Springfield, and HUGH C. DILLON, of Chicago of counsel.

C. G. COLBURN, of Virginia, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

The plaintiff, Sherrill Lynn Johnson, a minor, by Carl E. Johnson and Lula Katherine Johnson, her next friends, obtained a judgment for $16,000 against the defendant Glenn Stotts, for personal injuries resulting from being struck by the automobile owned and driven by Glenn Stotts, in the City of Virginia, Cass county, Illinois. The defendant appeals from such judgment.

On the 19th day of August A.D. 1949, the plaintiff, a minor child then of the age of four years, in company with two other small children, was crossing the main street in the City of Virginia, Illinois, and was struck by the automobile of the defendant. One of the children, Patsy Lou Cave was killed, and the other, a small boy was not hit. The plaintiff sustained a frac-

ture of the pelvis, a fracture of the left femur, which is the long bone of the thigh, and was bruised and lacerated about the body and head. There seems to have been some disfigurement and scars, but they were not claimed as an element of damage and this court will not consider them. The defendant Glenn Stotts, apparently swerved his car, first one way and then back and in so doing hit the two girls. There is quite a lot of testimony tending to show that the defendant had been drinking prior to the accident and that he was under the influence of intoxicating liquor at the time of the accident.

The defendant was afterwards indicted in a fifteen-count indictment by the grand jury of Cass county, charging manslaughter and reckless homicide, growing out of the death of Patsy Lou Cave, and on March 31st, 1950, pleaded guilty to counts 5 and 11 of the indictment, which charged reckless homicide, all other counts having been stricken by the court on motion of the State's Attorney.

The plaintiff remained in the hospital for five days, and was then placed in a cast and remained in this cast for about eight weeks. The medical evidence given at the time of the trial tended to show a complete recovery of the plaintiff with no permanent injuries. The mother and father testified that she had scars and disfigurement, and that she was highly nervous and that she was having trouble with her kidneys, but there does not seem to be any dispute about the healing of the fractured bones and her recovery.

■ Reviewing the record, this court believes that the following matters are either undisputed, or were proven by the evidence: First, that the defendant was under the influence of intoxicating liquor at the time of the accident; second, that he was driving at a higher rate of speed than was proper at the time of the accident; third, that the defendant did attempt to avoid

hitting the children; fourth, that the plaintiff was injured severely and remained in a cast for over two months; fifth, that except for possible nervousness, she has fully recovered from her injuries, and that there are no permanent injuries; sixth, that the defendant is definitely liable for the injuries sustained by the plaintiff.

This leaves only the question of the amount of the damages assessed by the jury and that question seems to be the gist of this appeal. The defendant appeals to this court and relies on fifteen grounds for reversal. We shall not take them up one by one, but will discuss those we think are pertinent.

■ ■ It is true that the Chicago Motor Club was named by the witness Crabtree in his testimony. There is no doubt under the law that allowing information to get to the jury that the defendant was insured, is reversible error. In the case of *Mithen v. Jeffery,* 259 Ill. 372, the court condemns the asking of jurors questions which would tend to inform the jury that the defendant was insured. And it was said in *Kelley v. Call,* 324 Ill. App. 143, that the general rule is that it is reversible error for the plaintiff to make disclosure of the fact that the defendant is insured. However, this rule is not inflexible and it is largely within the discretion of the trial judge to decide whether or not the disclosure is such that it will prejudice the case. In this case, the statement was made by the witness Crabtree that he was interviewed in the presence of a representative of the Chicago Motor Club. The word "insurance" was not mentioned, and the answer was elicited in the cross-examination. The court ordered the answer stricken, and nothing further was said about the Chicago Motor Club. We cannot agree with the defendant-appellant that it is a matter of common knowledge that the Chicago Motor Club is an insurer for automobile drivers. In our opinion, the answer

even if made by the witness with intent to inject insurance in the case, was not such that the defendant was prejudiced thereby.

██ In considering the remarks of plaintiff's counsel before the jury there seems to be no doubt that the remarks were intemperate, were prejudicial and that they influenced the jury in its assessment of damages. As we have said, the liability of the defendant is well established, but there can be no doubt that remarks such as were made by the counsel for the plaintiff could very easily prejudice the jury in arriving at the amount of damages. That such inflammatory remarks, such as "It was not anything Stotts did, he did everything he could that day to kill her" and the reference to the eight weeks in a plaster cast with the statement that counsel "did not know whether any of the jurors would suffer the same thing for they would not want to place themselves in the same place," are so clearly prejudicial that they do not warrant argument here. That such remarks are reversible error is clearly established by such cases as *Chicago Trust and Savings Bank v. Landfield*, 73 Ill. App. 173; *Hayes v. New York Cent. R. Co.*, 328 Ill. App. 631; *Westbrook v. Chicago & N. W. Ry. Co.*, 248 Ill. App. 446; *Swinosynski v. Kelly Coal Co.*, 146 Ill. App. 120. These are just a few of the many cases which hold inflammatory and prejudicial remarks by counsel to be reversible error. The *Swinosynski* case is very close to the case here. There the counsel for the plaintiff said: "They take them down there and cripple them and then throw them back on your citizens of this county." Here, counsel for the plaintiff said: "It was not anything Stotts did, he did everything he could that day to kill her." Such a remark could not fail to be highly prejudicial to the defendant's cause. And even when the trial court sustained an objection to such statements, and instructed the jury to disregard the remark, the harm had already been

done. That the sustaining of an objection to the remark and instruction to disregard does not cure the error, is too well established to require discussion.

 We now come to the contention of the defendant that the trial court erred in permitting the introduction of the indictment against the defendant. If the court had only permitted the introduction of the two counts to which the defendant had pleaded guilty, it is possible under some of the decisions of our courts that no error was committed. But to permit the introduction into evidence of 13 counts to which the defendant had not pleaded guilty, and which were subsequently *nolle prossed* by the State's Attorney of Cass county, did constitute error, and would be ground for reversal. The jurors were not entirely familiar with the procedure in criminal trials and to permit them to consider these 13 counts of the indictment, could only tend to prejudice the jury and influence them in their verdict. The plaintiff contends that the provision in the Evidence Act, section 1, of chapter 51, Illinois Revised Statutes [Jones Ill. Stats. Ann. 107.067], permits the introduction of proof of conviction. That section of the Evidence Act relates to the introduction of evidence as affecting the credibility of the witness. Here the credibility of the defendant was not in issue. The whole question was one of damages. The question of the admissibility of a conviction in a criminal case in the trial of a civil suit growing out of the same offense is well discussed in *Cammarano v. Gimino*, 234 Ill. App. 556. The trial court should not have permitted the introduction of the 13 counts charging the defendant with crime and to do so was error and prejudicial to the defendant.

 Considering the case in its entirety, the court is compelled to hold that reversible error was committed in the admission of improper evidence and by the inflammatory and prejudicial remarks of counsel

for the plaintiff. These errors tended to influence the jury to assess damages in a greater amount than the plaintiff was entitled to. The evidence is undisputed that the defendant was guilty as found by the jury. It is equally undisputed that the plaintiff has recovered and has no permanent injuries. The amount of $16,000 based upon the amount of damages sustained and allowing an adequate amount for exemplary damages because of the misconduct of the defendant and taking into consideration the decreased purchasing power of money today, is clearly excessive.

For the reasons stated, it is the judgment of this court that the judgment of the circuit court be affirmed provided that plaintiff file remittitur of $8,000 within 30 days; otherwise judgment to be reversed and the cause remanded.

*Judgment affirmed upon remittitur of $8,000 filed within 30 days; otherwise judgment reversed and remanded.*