Sager Glove Corporation, an Illinois Corporation, Plaintiff-Appellant, v. Continental Casualty Company, an Illinois Corporation, and Columbia Casualty Company, a Corporation of State of New York, Defendants-Appellees.

Gen. No. 47,472.

First District, Second Division.
December 23, 1958.
Rehearing denied January 13, 1959.
Released for publication January 14, 1959.

Charles D. Stein, Richard F. Levy, Gottlieb and Schwartz, of Chicago, for plaintiff-appellant.

Harry Okin, Cecil E. Magid of Weissenbach, Hartman, Craig, Okin and Magid, for Continental Casualty Company, Marvin F. Metge, of Miller, Gorham, Wescott & Adams, for Columbia Casualty Company, defendants-appellees.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is a suit to recover the amount of successive fidelity bonds issued by defendants by reason of an alleged inventory loss sustained by plaintiff. The suit was dismissed upon a finding that plaintiff repeatedly failed to comply with the order of the trial court to produce certain books and records and submit its president to complete a deposition. We have consolidated plaintiff's appeals from this and subsequent orders denying relief from the dismissal.

In November, 1956, defendants made their first motion for a deposition by plaintiff's president. Plaintiff failed to comply and defendants gave notice that they would move for an order dismissing plaintiff's action. Order was entered for plaintiff to produce its president in January, 1957, and the motion to dismiss was continued until that time. The deposition was commenced and continued to February; the motion to dismiss was

withdrawn. The deposition was again continued to March and plaintiff's president failed to appear; this also happened twice in May. In September, 1957, defendants got an order that plaintiff produce certain books and records and its president. In October defendants moved for a motion to dismiss, for failure to comply with the September order, which was continued to November and again continued. In December the motion to dismiss was granted. Previous to dismissal plaintiff had given defendants some documents called for in the September, 1957, order but not all those that were required.

After the suit was dismissed plaintiff made two motions and later filed two petitions to vacate the dismissal, all of which were denied. The basic issue presented by this consolidated appeal is whether the trial court abused its discretion in ordering a dismissal and denying plaintiff's subsequent motions.

Power to dismiss an action for failure to comply with court orders is specifically granted by Supreme Court Rule 19—12(3), Ill. Rev. Stat. 1957, ch. 110, § 101.19—12. The pertinent part of Rule 19—12 provides:

"Failure to comply with Order or Rules. If a party . . . unreasonably refuses to comply with any provision of Rules 17 to 19—12 both inclusive . . . or fails to comply with any order under said rules, the court may, on motion . . . order . . . that his complaint be dismissed. . . ."

Plaintiff had several opportunities to comply with the deposition and discovery orders but complied fully with none and only partially with one. For this reason and even though the sickness of plaintiff's president might excuse several of his appearances, we cannot say that the court abused its discretion in dismissing plaintiff's suit.

 Plaintiff says that defendants were not prejudiced by its delays because the case would not come up for trial until two years later. We do not agree. The expense and inconvenience of preparing for depositions and the extreme difficulty in locating plaintiff's employees who might move out of this area before the case would be heard are prejudicial to defendants. In any event, if a party fails to produce documents as ordered by the court it is proper to strike his pleading and enter judgment against him as in default. See Harris v. Oxford Metal Spinning Co., Inc., 315 Ill. App. 490. The trial court had the responsibility to uphold the dignity and authority of the court and we cannot say that the serious step taken was not a proper exercise of discretion.

Plaintiff contends that its counsel and defendants' counsel had an agreement that no default would be entered against plaintiff or that there was a misunderstanding about the agreement and argues that a party cannot be deprived of its day in court because of a misunderstanding between counsel. This contention is without merit since the record shows that defendants continually insisted on compliance with the court orders and no claim of any agreement or misunderstanding was made until April, 1958. It was not the belief of plaintiff's counsel but his previous and consistent failure to comply with the court orders that deprived plaintiff of its day in court rather than any misunderstanding about an alleged agreement. Cf. Bernier v. Schaefer, 11 Ill.2d 525.

Since the motion to dismiss was properly granted the motions seeking relief therefrom were properly denied. Plaintiff's first motion in December, 1957, stated only that plaintiff had no notice of the motion to dismiss; the record shows there was notice of the motion originally and that the motion was then continued without notice. Therefore, the court properly

denied the motion to vacate. Plaintiff's second motion in January, 1958, was after the 30 day period and the court was without jurisdiction. See Ill. Rev. Stat. 1957, ch. 77, § 83. Plaintiff's first petition to vacate in February, 1958, under § 72 of the Civil Practice Act, Ill. Rev. Stat. 1957, ch. 110, § 72, attempts to excuse plaintiff's failures to comply with the court's orders on the ground of the illness of its president, and his wife. We do not think that the trial court's judgment would have been any different if this fact was known earlier since plaintiff is a corporation and had been given many opportunities to comply before the dismissal order was entered. We think the court properly denied the petition. Since the second petition to vacate contained nothing substantially different from the first it was also properly denied.

For the reasons given the judgment is affirmed.

Affirmed.

MURPHY and KILEY, JJ., concur.