Nelson R. Granger, et al., Plaintiffs-Appellees, v. Elmer J. Turley and Roy Leck, a Minor, Defendants, Robert G. Turley, a Minor, Defendant-Appellant.

**Gen. Nos. 47,514, 47,515, 47,516.**

First District, Second Division.

February 17, 1959.

Released for publication March 20, 1959.

John A. Hutchings, of Chicago (Taylor, Miller, Busch & Magner and James J. Hoffnagle, of counsel) for defendant-appellant.

John G. Phillips, of Chicago (Charles D. Snewind, of counsel) for plaintiffs-appellees.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is a personal injury action. Plaintiffs recovered a $90,000 verdict. The motion of two defendants, Elmer J. Turley and Roy Leck, for a directed verdict was sustained at the close of plaintiffs' case and judgment was entered accordingly. The post-trial motions of Robert G. Turley, called defendant herein, for judgment notwithstanding the verdict and for a new trial, were denied and judgment was entered on the verdict.

Defendant appeals but there is no cross-appeal from the judgment for Elmer Turley and Roy Leck.

Plaintiffs' injuries resulted from a collision between the automobile in which they were riding and an automobile operated by defendant. The incident occurred in Du Page County, near the intersection of Alternate 30 and Highway 59. Defendant had traveled north on Highway 59 over Alternate 30 and turned east into a cut-off road which provided access to Alternate 30 a short distance east of the Highway 59 overpass. The cut-off road separates into two forks as it approaches Alternate 30; the west fork to accommodate traffic coming off of Highway 59 and heading west on Alternate 30; the east fork accommodates traffic coming off of Alternate 30 on to Highway 59. Only right turns are permitted at this intersection but at the time of the accident there was no sign indicating this. Defendant testified that he stopped and could see for about 50 feet. There were bushes and trees along the north shoulder of Alternate 30 and the eastern edge of the cut-off road. As defendant turned left and entered Alternate 30 from the east fork he collided with plaintiffs' westbound automobile. Since defendant bases his appeal on two procedural points further discussion of the facts would be of little value.

Defendant contends that the trial court improperly permitted a witness to testify because his name was not included in plaintiffs' answer to defendant's interrogatory; that the court erred in denying defendant's motion for a mistrial on the ground that plaintiffs' counsel had referred to a person as "your insurance adjuster" in the presence of the jury; and that for these reasons the judgment should be reversed.

■ ■ The specific problem raised by defendant's first contention has not previously been considered by this court. However, it is clear that Supreme Court Rule 19–12(3), Ill. Rev. Stat. 1957, ch. 110, § 101.-

490

19–12, provides appropriate sanctions for failure to comply with depositions and discovery orders. It is equally clear that the sanction to be imposed depends on the facts of each case and is within the court's discretion. See Sager Glove Corp. v. Continental Casualty Co., 19 Ill.App.2d 568; see also I. L. P., Discovery, §§ 4 and 7. Here, that discretion was not abused. The testimony complained of related to conditions existing after the accident. The witness testified that he saw skid marks and that he overheard one of the defendants say, in the presence of a police officer, also a witness, that they skidded through and hit the other car. In our opinion, this evidence was merely cumulative. Assuming without deciding that it was error to admit this testimony, it was not reversible error because this testimony was corroborated by other witnesses. See Jaffe v. Chicago Warehouse Lumber Co., 4 Ill.App.2d 415. Furthermore, there was no showing of bad faith or intentional concealment on plaintiffs' part.

■■ In considering appellant's second contention, it should be remembered that reference to insurance must have a prejudicial effect on the result of a trial in order for its admission to constitute reversible error. See Pinkerton v. Oak Park Nat. Bank, 16 Ill.App.2d 91, and cases cited therein; see also 3 I. L. P., Appeal & Error, § 827. It is within the discretion of the trial judge to determine whether the mention of insurance has a prejudicial effect. Pinkerton v. Oak Park Nat. Bank, 16 Ill.App.2d 91; Johnson v. Stotts, 344 Ill.App. 614. What the court said in Isenhart v. Seibert, 6 Ill.App.2d 220, 227, is applicable here: ". . . the lower court evidently felt that the statement did not prejudice defendant and we find no abuse of discretion in such conclusion."

■ The reference by plaintiffs' counsel to a person in the court room as "your insurance adjuster"

was in whispered tones and there is nothing in the record indicating that it was intended as an attempt to interject the subject of insurance into the case and prejudice the jury. Furthermore, there is no proof that the comment was heard by the jury.

For the reasons given the judgment is affirmed.

Affirmed.

MURPHY and KILEY, JJ., concur.