Willa Payne, Appellant, v. George Payne, Appellee.

Gen. No. 48,225.

First District, Second Division.

April 18, 1961.

Kalcheim & Kalcheim, and Spurlark, Washington, Peterson & Walsh, of Chicago (Royal E. Spurlark, Jr., and Henry A. Kalcheim, of counsel) for appellant.

Meyers and Rothstein, of Chicago (Irving Meyers and David B. Rothstein, of counsel) for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Each of the parties herein sought a divorce from the other by complaint and counterclaim. The court found that plaintiff failed to comply with the discovery provisions of the Supreme Court rules with respect to separate and full answers (Ill. Rev. Stat. 1959, ch. 110, §§ 101.19–11 to 101.19–12), as well as with the orders of the trial court with respect thereto; accordingly, her pleadings were stricken, and an order of default was entered against her. The case was then heard as a default matter upon defendant's counterclaim, and a decree of divorce was entered in his favor, from which plaintiff appeals.

On January 17, 1957 she filed her complaint for separate maintenance, and some two years later, on February 2, 1959, her amended complaint seeking a divorce. After preliminary motions addressed to the sufficiency of the amended complaint were disposed of, defendant was given leave to answer or plead within ten days. Within that period he filed his answer denying the material allegations of the amended complaint, and also filed a counterclaim.

On September 17, 1959 defendant served interrogatories upon plaintiff. On March 18, 1960, six months thereafter, in response to defendant's motion for an order compelling plaintiff to answer the interrogatories, the parties agreed to, and the court approved, an extension of time to March 31, 1960. In consequence

143

of plaintiff's failure to answer the interrogatories within the time fixed, defendant, on April 25, 1960, served notice of his motion asking for an order to strike the pleadings of plaintiff and to require her to pay him reasonable attorney's fees for compelling answers to the interrogatories. On plaintiff's request, defendant's motion was continued to April 29, 1960; on that day, plaintiff filed what purported to be her answers to the interrogatories, and she was at that time ordered to pay to defendant's attorneys the sum of $50.00, pursuant to defendant's previous request. Without objection by plaintiff, the proceeding was set for trial on May 12, 1960, on the issues stated in the pleadings. Several days before the date set for trial, defendant, pursuant to notice, moved to strike plaintiff's answers to the interrogatories on the ground that some were not answered at all and others were not answered responsively; on May 5, 1960 the motion was allowed. On May 9, 1960, defendant moved the court to strike the pleadings of plaintiff and to enter an order of default against her for failure to answer the interrogatories; that motion was allowed on May 9, 1960. The hearing on the issues was then continued from May 12 to May 26, 1960, the case to be heard as a default matter upon defendant's counterclaim. Plaintiff then presented a draft order seeking approval of an appeal bond to be filed in aid of an "interlocutory appeal," and on May 31, 1960 she filed her bond in the sum of $250.00, as fixed by the court. This contemplated appeal was abandoned; no record thereon was filed in the Appellate Court. In the interim, on May 26, 1960, a hearing was had on the counterclaim of defendant, pursuant to the default order of May 9, 1960. Plaintiff did not appear in person or by counsel at that hearing, and subsequently, on June 15, 1960, a decree of divorce was entered in favor of defendant on his counterclaim. On June 24, 1960, plaintiff moved

144

to vacate the decree, and on June 27, 1960, after the decree was modified in a minor respect, plaintiff's motion was overruled. Plaintiff did not seek leave to file separate and full answers to all the interrogatories, nor did she ask to reinstate her pleadings or to vacate the default order; neither did she seek other relief from the trial court from the consequences of the orders entered on May 5 and May 9, 1960.

The question presented is whether the court properly found that plaintiff acted unreasonably in refusing to answer defendant's interrogatories, and thus to determine whether it properly exercised its discretionary power in striking plaintiff's pleadings because of her refusal to comply with the rules and the orders of the court with respect thereto. In Coutrakon v. Distenfield, 21 Ill.App.2d 146, 157 N.E.2d 555 (1959), the court had occasion to consider rules 19 through 19–10 and rule 19–12 of the Illinois Supreme Court, and characterized them (p. 152) as "a comprehensive set of rules designed to provide an effective and broad discovery deposition practice for Illinois." Continuing, it said (pp. 152–153): "Joint committee comments indicate they were patterned after comparable Federal Rules of Civil Procedure. They should be so construed as to secure a just, speedy and inexpensive determination of civil actions. They are designed to displace what has been called the 'sporting' concept of a law action which all too often characterized the former practice. They inaugurated a permanent open season on facts. They are designed to insure that the outcome of litigation shall depend on its merits in the light of all available facts rather than on the craftiness of the parties or guile of counsel. And, while the discovery is intended to be broad and complete, the rules provide certain safeguards which are available to a party if it is feared that the discovery transcends the basic purpose of the rules. The sanctions provided in

145

■■■■■■■■

Rule 19–12, which a court in its discretion may impose, are in and of the policy which is an integral part of our present judicial system—that of affording the fullest opportunity for exploration of an opponent's case prior to trial."

In order to effectuate the purpose of the rules, they were stated with particularity. The interrogatories "shall be answered separately and fully . . .''; a party receiving interrogatories is required to answer them within fifteen days after service, unless the court, on motion and notice and for good cause shown, extends or shortens the time. (Rule 19–11(2).) If the party receiving the interrogatories objects to answering them, he must, within ten days after receipt thereof, "serve written objections thereto together with a notice of motion for hearing of the objections." (Rule 19–11(3).) Upon written application, the party receiving the interrogatories may seek relief from the court "against oppression or unreasonable annoyance, expense or embarrassment" by reason of the information sought in the interrogatories. (Rule 19–11(5).) The Joint Committee Comments read (S.H.A. ch. 110, § 101.19–12 (1956)): "A major deficiency in the former discovery practice was the absence of effective enforcement procedures, and remedies to forestall or punish abuses and open interference with the orderly functioning of the discovery rules." To remedy the deficiency, a new rule was created (Rule 19–12); presently (subsection (3)) "if a party . . . unreasonably refuses to comply with any provision" of the rules for discovery "or fails to comply with any order entered under said rules, the court may, on motion, in addition to remedies elsewhere specifically provided, order one or more of the following, as may be appropriate: . . . that all or any part of his pleadings be stricken and judgment rendered on the remaining pleadings in the case; . . . ." The exercise of that power by a trial

146

judge was sustained in the Coutrakon case (pp. 155–163) referred to above; also in Sager Glove Corp. v. Continental Cas. Co., 19 Ill.App.2d 568, 570–571, 154 N.E.2d 833 (1958), and in Granger v. Turley, 20 Ill. App.2d 488, 490–491, 156 N.E.2d 610 (1959).

■■ Plaintiff argues that the power may be exercised in a divorce proceeding and in other types of civil cases only when the offending party has completely ignored the interrogatories. However, rule 19–12(3) permits the exercise by the trial court of that power "if a party . . . unreasonably refuses to comply with any provision of Rules 17 to 19–12, both inclusive . . . or fails to comply with any order entered under said rules," and not only when the offending party completely ignores the rules. Among others is the requirement, set out in rule 19–11(2), "that interrogatories shall be answered separately and fully in writing under oath." The exercise of the enforcing power is proper when the offending party evidences an intent to evade his obligations under the rule. No exception is stated in the statute or in the rules to the exercise of that power in a divorce proceeding. Defendant contends that plaintiff's conduct with respect to the interrogatories clearly evinced "an intent only to interfere 'with the orderly functioning of the discovery rules,'" and he points out that after her interrogatories were stricken on May 5, 1960, plaintiff, who was then in the position of one who had failed to answer properly, sought no relief from the court before default was entered against her. The record discloses that after the interrogatories were served on September 17, 1959, plaintiff ignored the service and her statutory duty with respect thereto for a period of six months; then, in response to defendant's motion for an order to compel answers, she secured an extension of time to March 31, 1960 to file answers. Thereafter, she continued to ignore the provisions of the statute

147

for an additional period of about one month; and finally, after being served with a notice to strike her pleadings and to pay reasonable attorney's fees, she secured an additional extension of time. She now asserts, for the first time, that the interrogatories were the product of an undefined "morose, hostile and wrongful attitude" of defendant toward her; that, save for this attitude, defendant would have proceeded by way of a bill of particulars or a request for admissions of fact; and that the interrogatories were filed by defendant in "retaliation" for interrogatories previously filed by plaintiff. If plaintiff believed, as she now asserts, that the interrogatories were intended to cause her "unreasonable annoyance, expense or embarrassment," she could have sought protective remedies, but she made no attempt to do so; instead she chose to act at her peril.

The interrogatories and answers are too extensive to include within the confines of an opinion, but it appears upon examination that one interrogatory was answered only in part, another answer was unresponsive, one interrogatory was not answered at all because, as she stated in her explanation, "the knowledge of the premises' general arrangement is known to the defendant, and the description can serve no useful purpose"; her reply to another interrogatory was clearly evasive. Despite the requirement that each interrogatory be answered separately, plaintiff elected to combine her reply to two of the interrogatories, and then having resorted to this procedure, she refused in effect to answer the interrogatories as combined and gave only an evasive reply to part of one of the interrogatories.

Since the Illinois procedural rules are modeled on those in effect in the federal courts, federal decisions are in point. Bourgeois v. El Paso Natural Gas Co., 257 F.2d 807 (2d Cir. 1958), a per

curiam decision, involved an appeal by plaintiff from an order dismissing his complaint because of his wilful failure to appear for the taking of his deposition. The court held that under the applicable federal rule the trial judge's discretionary power to make the order was clear, and since there was no abuse of the discretion under the circumstances disclosed by the record the judgment was affirmed. In Hubbard v. Baltimore & O.R.R., 249 F.2d 885 (6th Cir. 1957), also a per curiam opinion, the court held that the refusal to reinstate plaintiff's suit for damages under the Federal Employers' Liability Act after having dismissed such suit some six months earlier because of plaintiff's wilful failure to submit himself as a witness in compliance with federal rule did not constitute abuse of discretion, and affirmed the judgment. First Iowa Hydro Elec. Coop. v. Iowa-Illinois Gas & E. Co., 245 F.2d 613 (8th Cir. 1957, cert. denied 355 U. S. 871 (1957)), was an anti-trust action by an electric power cooperative and its members, against ten power companies and a utilities association, charging that defendants' alleged wrongful acts had prevented the cooperative from obtaining a federal license and necessary financing. Plaintiffs appealed from a judgment of dismissal. The reviewing court held that the trial court committed no abuse of discretion in dismissing the cause upon the refusal of the president and the secretary treasurer of the cooperative to testify as ordered on depositions and upon plaintiffs' refusal to make a required deposit to cover the master's fees, and affirmed the judgment of the trial court. Upon the record before us, we hold that there was no abuse of discretion by the trial judge in striking the pleadings for plaintiff's failure to comply with the statute and the rules.

██ The remaining ground urged for reversal is that the decree was entered in error because the trial

149

judge did not obey an executive committee order "requiring that Judge to receive all matters for trial from the Assignment Judge of the Superior Court . . . ." It appears, however, that, without objection on the part of plaintiff, the matter was set for trial on May 12, 1960 on the issues made up by the pleadings before the trial judge, despite plaintiff's now claimed limitation on the authority of the judge to hear the matter. We know of no rule of the Supreme Court or of the Circuit or Superior Court containing such a prohibition. The executive committee orders are administrative rules of organization of the courts and were "adopted for the purpose of synchronizing and facilitating an orderly disposal of the individual and interlocking tasks imposed upon those courts by law." Sparacino v. Ferona, 9 Ill.App.2d 422, 424, 133 N.E.2d 753 (1956). Such committee orders have not acquired the same force as the rules of the Supreme Court or the formal rules of the Superior Court. "Rules of court should be obeyed," said the court (p. 400) in People v. Davis, 357 Ill. 396, 192 N.E. 210 (1934), and continued: "This, however, does not imply such unswerving obedience as to preclude reasonable action thereunder where no material harm is done to any litigant or person charged with crime. We can perceive no reason why rules of court should be interpreted or construed more strictly than statutes in general."

For the reasons indicated, the decree of the Superior Court is affirmed.

Decree affirmed.

BURKE, P. J. and BRYANT, J., concur.