**Sally A. Kocis, Plaintiff-Appellee, v. Theodore W. Kocis, Defendant-Appellant.**

**Gen. No. 49,199.**

First District, First Division.

March 16, 1964.

Rehearing denied April 6, 1964.

Arthur George, of Chicago, for appellant.

Wachowski & Wachowski, and Chester L. Chowaniec, of Chicago (Casimir R. Wachowski and Charles W. Spencer, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant appeals from an order of default and ex parte decree for separate maintenance entered against him.

The record before us discloses that on November 18, 1960 plaintiff filed praecipe for separate maintenance under the provision of the former "60-day cooling off" statute. Defendant, through counsel, filed his appearance on November 21, 1960. On March 6, 1961 plaintiff filed her complaint. To this complaint defendant never filed any answer or plea. The cause was placed on the passed case calendar.

Plaintiff filed a petition on November 30, 1962 alleging that on June 5, 1962 her counsel served notice on defendant to appear for deposition; his counsel requested a postponement to which she agreed; thereafter counsel for defendant, on two more occasions, represented that he was unable to produce his client; on October 29, 1962 plaintiff's attorney served a written notice on defendant for deposition to be taken on November 13, 1962; defendant did not appear and it

was postponed to November 20, 1962 at which time his attorney stated that defendant would not appear for the deposition. The petition prayed defendant be ordered to appear or that in the alternative be adjudged in default for his wilful failure to comply with the request for deposition. The court ordered defendant to appear for deposition on December 14, 1962. On the same day, November 30, 1962, his counsel, who entered his appearance on November 27, 1962, withdrew because defendant refused to cooperate.

Plaintiff filed a petition on January 10, 1963 alleging that an order subsequent to November 30, 1962 continued the time for defendant's appearance to December 27, 1962; that he was personally served with copy of said order and failed to appear. Plaintiff prayed for an order of default and to set the cause for hearing. An order of default was entered and provided that the complaint be taken as confessed against the defendant and the cause be set for January 18, 1963 as a default matter. On the date set the court heard testimony and in order to provide for support for plaintiff and her minor child, a subpoena was personally served upon defendant at the court's direction. Defendant failed to appear in person in answer to the subpoena but appeared by new counsel. The court continued, upon agreement of the parties, "all the matters to come before the court this day" to March 1, 1963. Again defendant failed to appear and the court entered a rule returnable March 13, 1963. The order of this day (March 1, 1963) recited that the court heard evidence and arguments of counsel and provided that defendant pay plaintiff $35 per week support for her and the minor child.

On March 7, 1963 defendant filed his petition praying that the previous order of default, the hearing for separate maintenance, the order to appear to determine the amount of support, and the order of support be vacated and that the subpoena be quashed.

The plaintiff filed answer to this petition. The court "having heard testimony and arguments of counsel" denied the prayer of the petition. On March 7, 1963 the court entered a decree for separate maintenance allowing plaintiff $500 attorney's fees in addition to the alimony and support previously allowed. On March 18, 1963 defendant petitioned to vacate the decree of separate maintenance and further charged that the support and alimony order and the fees allowed were excessive. Plaintiff filed her answer thereto and prayed additional attorney's fees. On March 28, 1963 the court denied defendant's petition and allowed additional attorney's fees of $150 to the plaintiff. From these orders defendant appeals.

We must determine whether the court abused its discretionary power in defaulting the defendant and entering the decree for separate maintenance. Supreme Court Rule 19–12(3), Ill Rev Stats 1961, c 110, § 101.19–12 provides sanctions for failure to comply with depositions and discovery orders. Granger v. Turley, 20 Ill App2d 488, 156 NE2d 610 (1959). The power to dismiss for failure to comply with court orders is specifically granted therein. Sager Glove Corp. v. Continental Cas. Co., 19 Ill App2d 568, 154 NE2d 833 (1958). The pertinent part of the Rule provides: "Failure to comply with Order or Rules. If a party . . . unreasonably refuses to comply with any provisions of Rules 17 to 19–12 both inclusive, . . . or fails to comply with any order entered under said Rules, the court may, on motion, in addition to remedies elsewhere specifically provided, order one or more of the following as may be appropriate . . . that all or any part of his pleading be stricken and judgment rendered on the remaining pleadings in the case; that he be debarred from filing any other pleading; that he be debarred from making any other claim . . . or defense respecting which discovery is sought . . . ."

71

■■

The record discloses that defendant refused to give a deposition even after being ordered by the court. He displayed a total disregard for the court and the right of plaintiff to make discovery, to obtain information regarding his financial ability and other matters involved in the litigation. Defendant had several opportunities to comply but complied with none. His counsel withdrew because of his refusal to cooperate with him.

■ ■ From the facts and circumstances in the case, we cannot say that the trial court abused its discretion in finding that defendant acted unreasonably in refusing to comply with the Rules and orders of the court. Payne v. Payne, 31 Ill App2d 141, 175 NE2d 614 (1961); Coutrakon v. Distenfield, 21 Ill App 2d 146, 157 NE2d 555 (1959). The exercise of the enforcing power is proper when the offending party evidences an intention to evade his obligations under the Rule. Defendant argues that these sanctions should not be applied in cases of divorce or separate maintenance, as a matter of public policy. No exception is stated in the statute or rules to the exercise of that power in a divorce proceeding. Payne v. Payne, 31 Ill App2d 141 at page 147, 175 NE2d 614 (1961). There is no excuse or reason to apply different procedures where the offending party's actions show an utter disregard for the law and the court. We therefore hold that there was no abuse of discretion by the trial judge in entering a default against the defendant and granting plaintiff relief on the remaining pleadings in the case.

■ Defendant urges reversal on the ground that the decree was entered in error because the trial judge did not obey an executive committee order requiring the judge to receive all matters for trial from the assignment judge. This identical question was before the reviewing court in the Payne case where, on page 150, the court said:

"We know of no rule of the Supreme Court or of the Circuit or Superior Court containing such a prohibition. The executive committee orders are administrative rules of organization of the courts and were 'adopted for the purpose of synchronizing and facilitating an orderly disposal of the individual and interlocking tasks imposed upon the courts by law.' Sparacino v. Ferona, 9 Ill App 2d 422, 424, 133 NE2d 753 (1956). Such committee orders have not acquired the same force as the rules of the Supreme Court or the formal rules of the Superior Court. 'Rules of the Court should be obeyed' said the court (p 400) in People v. Davis, 357 Ill 396, 192 NE 210 (1934), and continued: 'This, however, does not imply such unswerving obedience as to preclude reasonable action thereunder where no material harm is done to any litigant or person charged with crime. We can perceive no reason why rules of court should be interpreted or construed more strictly than statutes in general.' "

It would be a peculiar rule of law if the placing of a case upon the passed case calendar would give the defendant a license to violate judicial procedures, act contumaciously and contemptuously toward the courts' orders, then claim immunity because of the fact that the case was placed on the passed case calendar. Defendant was properly defaulted and the court was competent to proceed with disposition of the case. To require a formal technical order of assignment would only delay the proceedings further and serve no useful purpose.

██ Finally, defendant complains that the assessment of alimony, support and attorney's fees was based solely upon arbitrary and abusive action of the court. The record before us discloses that the court had before it the parties, their testimony, actions and

circumstances. What credence and weight should be given to evidence is for the trial court to determine. From our examination of the record we cannot here hold that the court abused this discretion or was arbitrary in its rulings. For these reasons the judgment of the lower court is affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.