Isabelle H. Coutrakon, Plaintiff-Appellee, v. Bernard Distenfield, Defendant-Appellant.

Gen. No. 10,203.

Third District.

April 14, 1959.

Released for publication April 30, 1959.

McCarthy, Toomey & Reynolds, of Chicago (John E. Toomey and John M. Kaveny, of counsel) for appellant.

George P. Coutrakon, of Springfield, for appellee.

PRESIDING JUSTICE ROETH delivered the opinion of the court.

On September 12, 1956, plaintiff filed a complaint to recover a real estate broker's commission. Thereafter on October 29, 1956, defendant filed his motion to make the complaint more definite and certain in five specified particulars. The events following the foregoing give rise to the controversy in this case. The record shows that during April of 1957 the attorneys for plaintiff contacted one of the attorneys for defendant who was handling the case for defendant and advised him that attorneys for plaintiff desired to take the discov-

ery deposition of defendant and suggested 10 different days extending from the middle of April to the middle of May for defendant's voluntary appearance for deposition, the day to be selected to meet the convenience of defendant and his attorney. Following this conversation the attorney for defendant wrote his client, who lives in Chicago, and received a reply from him saying "that he didn't intend to be in Springfield at any time in the near future." It is not clear as to whether or not this reply was communicated to plaintiff's attorneys. At any rate, on May 21, 1957, plaintiff's attorneys served written notice on defendant's attorneys to take defendant's deposition on June 7, 1957. The record casts some doubt on whether the defendant was ever notified by his attorneys of this notice. Neither defendant nor his counsel appeared at the appointed time and place for the taking of the discovery deposition.

On June 11, 1957, plaintiff filed a verified motion setting up the foregoing and moving that defendant be debarred from filing any further pleadings, that the pleadings already filed be stricken and that judgment be entered for the amount claimed to be due. This motion came on for hearing on July 1, 1957, at which time counsel for defendant obtained leave to file written opposition to the motion for judgment. No written opposition was filed. The motion proceeded to hearing and the foregoing facts were developed on the hearing. The trial judge was of the opinion that it was not clear whether the factual situation as thus developed would justify a finding of wilful failure to comply with the notice and accordingly denied the motion. Apparently, at this hearing defendant agreed to comply with the notice and to submit to the taking of his deposition on July 17, 1957.

On August 30, 1957, plaintiff filed a statement making her complaint more specific as requested by defendant's motion of October 29, 1956. This statement

148

appears to furnish the information requested by the motion.

The next proceeding that appears in this record is the filing of a petition by defendant for an order that his deposition not be taken. This petition alleges that defendant submitted to discovery deposition on July 16, 1957; that thereafter on August 30, 1957, he was notified to appear on September 20, 1957, for further discovery deposition and to produce at that time "trust agreement, evidence of title and beneficial interests thereunder, and assignments thereof, books of account and records, correspondence, papers, reports or instruments pertaining to Ann Rutledge Apartments, Springfield, Illinois" (which is the apartment building plaintiff claims to have been employed to sell and for a sale of which the commission is claimed); that a notice and subpoena duces tecum was served on a trust officer of the Southmoor Bank and Trust Co. to also appear for deposition on September 20, 1957, and to produce "the original trust agreement, together with any and all assignments, power of attorney, papers, correspondence, books of account, reports, documents and written or printed evidence pertaining to said trust, trust agreement, trust property, corpus, ownership, title and beneficial interest thereof, including Bernard Distenfield's interest, if any," to the Ann Rutledge Apartments; and that further taking of defendant's deposition would be an annoyance, embarrassment and oppression. On September 16, 1957, this petition came on for hearing and was denied. The deposition hearing originally scheduled for September 20, 1957, was continued at the request of counsel for defendant until October 7, 1957. On that day at 1:30 p. m. the taking of defendant's discovery deposition proceeded as a continuation of the discovery hearing of July 16, 1957. A transcript of a portion of the questions and answers at this hearing appears in the record before us. From

an examination thereof we are able to discern that one of the questions of fact in the case was the ownership of the Ann Rutledge Apartments and the authority of defendant to offer for sale or to sell said property. Hence the notice to produce documents heretofore noted.

From a reading of the partial deposition transcript it appears that at the deposition hearing defendant assumed the role of an obstructionist to discovery. Many of his answers to questions were evasive and within the category of "double talk." On several occasions his only answer to questions was "It makes no difference." At 4:05 p. m. counsel for defendant announced that he and defendant were leaving the deposition hearing and that they were not staying any longer. Defendant concurred in this announcement. Counsel for plaintiff announced that they were not yet through with the deposition hearing and requested a time when defendant and his counsel would return to continue the hearing. In response counsel for defendant requested that counsel for plaintiff set the time. Thereupon counsel for plaintiff suggested that they continue the discovery deposition hearing until 5:00 p. m. and resume at 9:00 a. m. the next morning. Counsel for defendant declined on the ground "I cannot do that." Whereupon counsel for plaintiff requested counsel for defendant to set the time when he and defendant would be present to resume the hearing. The request was unanswered.

As to the production of documents which defendant was notified to produce, the following occurred after defendant and his counsel had announced that they would not continue with the deposition hearing:

"Mr. Basil Coutrakon: What about the books of record pertaining to the Ann Rutledge? Do you refuse to bring those?

Mr. DeBoice: We have them here.

150

Mr. Basil Coutrakon: You have the notice. He was told to bring those records. Are they here?

Mr. DeBoice: No documents other than the documents pertaining to title. The certificate of beneficial interest and trust were produced, and the assignments.

Mr. Basil Coutrakon: That is all you produced?

Mr. DeBoice: You have the other proof here.

Mr. Basil Coutrakon: That is all you have?

Mr. DeBoice: That is all.

Mr. George Coutrakon: That is all you will produce?

Mr. DeBoice: That is all.

Mr. George Coutrakon: You are walking out now?

Mr. DeBoice: O. K.

Mr. George Coutrakon: You will be sorry.

Mr. DeBoice: You can give us notice.

Mr. Coutrakon: No, I will go to the Court with it right away."

On October 9, 1957, plaintiff filed a verified motion setting up the foregoing matters and praying that defendant's pleadings be stricken and that judgment be entered pursuant to Rule 19–12 of the Rules of the Supreme Court. This motion came on for hearing before the court on October 15, 1957. *No counter-showing by affidavit or otherwise was made by defendant.* Although his counsel was present in open court, the record is barren of any offer on the part of defendant to continue the deposition hearing at a future date or of any justifiable reason for defendant's refusal to continue with the deposition hearing. The court accordingly struck defendant's answer and entered judgment for plaintiff in the amount of $6,500 and costs.

Following the entry of judgment counsel for defendant entered a motion to withdraw their appearance. The court directed notice be given to defendant. After notice given, leave to withdraw was granted on November 12, 1957. On the same day there was filed on

151

behalf of defendant by the present attorneys a motion to vacate the judgment of October 15, 1957. Subsequently, an affidavit of one of the original attorneys for defendant was filed in support thereof. This affidavit in substance states that the transcript of a portion of the testimony which was before the court on the hearing of the motion for judgment is misleading in that it portrays defendant as a reluctant witness, whereas if the entire deposition were transcribed the opposite would appear; that defendant produced *photostatic* copies of the records which he was requested to produce at the deposition hearing; that defendant was unable to remain for the deposition hearing or continue the next morning because of prior commitments; and that defendant has a meritorious defense. Objections to the motion to vacate and the affidavit were filed by plaintiff. These objections disputed the substance of the affidavit and in addition pointed out that defendant had not offered to furnish a full transcript of the deposition hearing and to thereby substantiate his claim that the full transcript would disclose a course of conduct of defendant other than as contended by plaintiff. The court, after hearing on the motion to vacate and objections thereto, denied the motion and this appeal is taken from that order.

██ ██ At the outset we believe that some preliminary observations are appropriate. Rules 19 through 19–10 and Rule 19–12 of the Supreme Court of Illinois are a comprehensive set of rules designed to provide an effective and broad discovery deposition practice for Illinois. Joint committee comments indicate they were patterned after comparable Federal Rules of Civil Procedure. They should be so construed as to secure a just, speedy and inexpensive determination of civil actions. They are designed to displace what has been called the "sporting" concept of a law action which all too often characterized the former practice.

They inaugurated a permanent open season on facts. They are designed to insure that the outcome of litigation shall depend on its merits in the light of all available facts rather than on the craftiness of the parties or guile of counsel. And, while the discovery is intended to be broad and complete, the rules provide certain safeguards which are available to a party if it is feared that the discovery transcends the basic purpose of the rules. The sanctions provided in Rule 19–12, which a court in its discretion may impose, are in and of the policy which is an integral part of our present judicial system—that of affording the fullest opportunity for exploration of an opponent's case prior to trial.

The rules involved in a decision of the case before us are Rules 19–8 subsection 1, 19–5 subsection 2, 19–6 subsection 3 and 19–12. Rule 19–8 subsection 1 provides in part as follows:

"Service on a party of notice of the taking of the deposition of the party or of an officer or agent of the party is sufficient to require the appearance of the deponent, and no subpoena is necessary. The notice may require the person to whom it is directed to produce documents or tangible things as in the case of a subpoena."

Rule 19–5 subsection 2 provides in part as follows:

"After notice is served for taking a deposition, on motion seasonably made by any party or by the deponent, for good cause shown the court may order that the deposition not be taken, or that it be taken only at some designated place or time or before some officer other than stated in the notice, or that a deposition proposed to be taken orally be taken in whole or in part on written questions, or that a deposition proposed to be taken on written questions be taken in whole or in part orally, or that certain matters not be inquired into, or that the scope of the examination be limited to

certain matters . . . or the court may enter any other order which justice requires to protect the party or deponent from annoyance, embarrassment, or oppression."

This is substantially Rule 30 (b) Federal Rules of Civil Procedure, 28 U. S. C. A.

Rule 19–6 subsection 3 provides as follows:

"At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in any manner that unreasonably annoys, embarrasses, or oppresses the deponent or party, the court may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided by these rules. If the order terminates the examination, it shall be resumed only upon order of the court. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to present a motion for an order. The court may impose upon either party or upon the deponent the requirement to pay costs or expenses, including reasonable attorney's fees, or both as the court may deem reasonable."

This is substantially Rule 30 (d) Federal Rules of Civil Procedure, 28 U. S. C. A.

Rule 19–12 subsection 3 provides:

"If a party, or any person at the instance of or by collusion with a party, unreasonably refuses to comply with any provision of Rules 17 to 19–12, both inclusive, or Rule 22, or fails to comply with any order entered under said rules, the court may, on motion, in addition to remedies elsewhere specifically provided, order one or more of the following, as may be appropriate: that the party be nonsuited; that his complaint be dismissed; that all or any part of his pleadings be stricken

154

and judgment rendered on the remaining pleadings in the case; that he be debarred from filing any other pleading; that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense respecting which discovery is sought; or that further proceedings be stayed pending compliance. In lieu of or in addition to the foregoing, the court may by contempt proceedings compel obedience by any party or person to any subpoena issued or order entered under said rules."

This is substantially Rule 37 (b) subsection 2 (iii) and 37 (d) Federal Rules of Civil Procedure, 28 U. S. C. A., except that Rule 19–12 is all inclusive of any infractions under all of Rules 17 to 19–12, whereas the Federal Rules are limited to certain designated infractions, and also in the Federal Rule 37 (d) the words "wilfully fails" etc. are used, whereas in Rule 19–12 the language used is "unreasonably refuses."

In what appears to be the only decision of the Illinois courts of appeal to date, the First District Appellate Court in Sager Glove Corp. v. Continental Cas. Co., 19 Ill.App.2d 568, 154 N.E.2d 833, approved the application of sanctions as provided by Rule 19–12 subsection 3. In that case defendants gave notice of the taking of discovery deposition of plaintiff's president. Plaintiff failed to comply and defendants gave notice that they would move for an order dismissing plaintiff's action. When plaintiff indicated it would produce the president in January, 1957, and an order was entered to this effect, the motion to dismiss was continued. (A similar procedure was followed initially in the case before us except that the motion for judgment was denied.) The deposition was commenced and continued to February and again to March when plaintiff's president failed to appear. This also happened twice in May. In September, 1957, defendants obtained an order that plaintiff produce certain books and rec-

ords and its president. In October, defendants filed a motion to dismiss, for failure to comply with the September order, which was continued to November and again continued. In December, the motion to dismiss was granted. Previous to dismissal plaintiff had given defendants some documents called for in the September, 1957, order but not all those that were required. In sustaining the dismissal the court said:

"Power to dismiss an action for failure to comply with court orders is specifically granted by Supreme Court Rule 19–12 (3), Ill. Rev. Stat. 1957, ch. 110, Sec. 101.19–12. The pertinent part of Rule 19–12 provides:

" 'Failure to comply with Order or Rules. If a party . . . unreasonably refuses to comply with any provision of Rules 17 to 19–12 both inclusive . . . or fails to comply with any order under said rules, the court may, on motion . . . order . . . that his complaint be dismissed. . . .'

"Plaintiff had several opportunities to comply with the deposition and discovery orders but complied fully with none and only partially with one. For this reason and even though the sickness of plaintiff's president might excuse several of his appearances, we cannot say that the court abused its discretion in dismissing plaintiff's suit.

"Plaintiff says that defendants were not prejudiced by its delays because the case would not come up for trial until two years later. We do not agree. The expense and inconvenience of preparing for depositions and the extreme difficulty in locating plaintiff's employees who might move out of this area before the case would be heard are prejudicial to defendants. In any event, if a party fails to produce documents as ordered by the court it is proper to strike his pleading and enter judgment against him as in default. See Harris v. Oxford Metal Spinning Co., Inc., 315 Ill. App.

156

490. The trial court had the responsibility to uphold the dignity and authority of the court and we cannot say that the serious step taken was not a proper exercise of discretion. . . . Since the motion to dismiss was properly granted the motions seeking relief therefrom were properly denied."

Since the Illinois rules are derived from the Federal rules, the decisions of the Federal courts are worthy of note.

In Goldberg v. Raleigh Manufactures, Inc., 28 F. Supp. 975, it was held that the mere fact that plaintiff would be required to attend the examination and thereby absent himself from some of his usual business affairs during the taking of the deposition, is insufficient to justify a court in ruling that he is being annoyed, embarrassed or oppressed, within the meaning of this language. Something far beyond this is required to grant a party relief. It was further held that the refusal and failure of defendants to appear in accordance with notice to take their depositions warranted the striking of their pleadings and the entry of judgment.

In Bourgeois v. El Paso Natural Gas Company, S. D. N. Y., 1957, 20 F. R. D. 358, an order was entered directing plaintiff to appear at a designated hour and place on March 27, 1957, for taking his deposition by each defendant, "from day to day thereafter at mutually agreeable time until completed . . . ." The plaintiff appeared and was examined on March 27 and 28. Because the examination was not completed and to serve plaintiff's convenience an adjournment was effected until April 18. Plaintiff did not appear on April 18 and his counsel advised defendant's counsel by telephone that plaintiff would not appear because in his attorney's opinion "such depositions were unnecessary and a waste of time." Motion was made to dismiss complaint under Rule 37 (d). Plaintiff's at-

torney filed an affidavit challenging the relevancy of the subject matter of the depositions and averring that they were being used to harass the plaintiff. The judge noted the provisions of Rule 30 (d), 28 U. S. C. A., and said:

"Instead of resorting to that orderly procedure the plaintiff has undertaken to ignore the order of court. He had done so at his peril."

The motion to dismiss was granted. In affirming, the Circuit Court of Appeals in 257 F.2d 807 said:

"His (the trial judge) discretionary power to make the order is clear. Rule 37 (d) Fed. Rules Civ. Proc., 28 U. S. C. A. As this court stated in Gill v. Stolow, 2 Cir., 240 F. 2d 669, 670, the proper disciplining of a party under circumstances of default must usually be left to the control of the trial judge. We see no abuse of discretion under the circumstances disclosed by the record."

In Roerich v. Esquire Coronet, Inc., 1 F. R. D. 692 plaintiff filed suit for libel. At that time he was in India. On October 3, 1939, defendant served notice on his attorneys for the taking of his deposition on November 8, 1939. On October 31, 1939, a stipulation was entered into by respective counsel which recited that plaintiff's attorneys had requested an adjournment for a three month period for the purpose of producing the plaintiff, whereupon it was stipulated that the deposition hearing was adjourned to January 9, 1940. On January 9, 1940, a like stipulation was entered into adjourning the hearing to March 11, 1940. In January, 1941, defendant's attorneys filed motion to dismiss the complaint for failure of plaintiff to appear for deposition hearings. An affidavit of plaintiff's American agent was filed in opposition to motion setting up a letter from plaintiff stating:

158

"With reference to my proposed trip to the United States, I am sorry to write that owing to the present world situation and the dislocation of traveling facilities, it will be impossible for me to undertake such a journey.

"However I hope that with the return of normal conditions such a trip will be possible."

In dismissing the complaint and holding the showing insufficient the court observed:

"While the difficulties of travel from Bombay to New York may be readily appreciated, *the plaintiff does not indicate in his letter that his ultimate return is anything more than a possibility in any event.*" (emphasis supplied)

In Dictograph Products, Inc. v. Kentworth Corporation, 7 F. R. D. 543, defendant served notice on plaintiff's counsel to take the deposition of one of the officers of plaintiff corporation on October 13, 1947, in Louisville, Kentucky. The witness, who lived in New York, did not appear. Defendant then filed his motion to dismiss the suit. The plaintiff then filed a motion to require taking of the deposition on written interrogatories or in the alternative to require it to be taken in New York, or in the alternative if the court should require it to be taken in Louisville to grant additional time to produce the witness. In denying plaintiff's motion and in dismissing the complaint the court observed:

"The rules afforded to plaintiff an opportunity to have the Court, on motion, change the place designated in the notice and plaintiff could, at that time, have raised the question which it now seeks to raise; to wit, that the Court should not require the witnesses to come from their home in New York City to Louisville, Kentucky, for the purpose of giving their depositions." (Rule 30 (b).)

159

"The rules do not contemplate that a party may wait until after the date designated by the opposing party for the taking of the deposition to ask a modification of the terms of the notice by the Court."

In Loosley v. Stone, S. D. Ill., 1954, 15 F. R. D. 373, defendant twice notified the plaintiff for discovery deposition. Each time plaintiff failed to appear. It was expressly noted by the court that no motion had been filed by plaintiff to enlarge the time for taking the deposition nor was any motion made pursuant to Rule 30 (b). Dictograph Products, Inc. v. Kentworth Corporation, supra, was followed and the complaint was dismissed.

In First Iowa Hydro Elec. Coop. v. Iowa-Illinois Gas & E. Co., 245 F.2d 613, the witness terminated the taking of his deposition and the court held the trial judge was justified in dismissing the action under Rule 37 (d).

Hubbard v. Baltimore and Ohio Railroad Company, 249 F.2d 885, holds dismissal under rule proper where plaintiff failed to submit himself for deposition pursuant to notice. (Motion to vacate made 6 months later.) To the same effect are Fischer v. Dover Steamship Co., Inc., 218 F.2d 682, and Mooney v. Central Motor Lines, Inc., 222 F.2d 569.

In Peitzman v. City of Illmo, 141 F.2d 956, defendant was noticed to take his deposition on a certain day along with other witnesses. Defendant was present while depositions of other witnesses were being taken but not present when he was reached. In this case the court in effect holds that attendance alone does not comply with the rule but that submission to interrogation is also required. In affirming the application of sanctions under Rule 37 (d) the court said:

"Defendants urge that the order in fact punishes them for contempt of court, but there is a distinction

160

between striking a pleading as punishment for contempt of court and striking it for violation of a rule of procedure. Hammond Packing Co. v. State of Arkansas, 212 U. S. 322, 29 S. Ct. 370, 53 L. Ed. 530, 15 Ann. Cas. 645. Rule 37(d) recognizes this distinction and provides that parties to an action who wilfully fail to attend and submit to examination on proper notice to take their depositions, become subject to the exercise of the power vested in the trial court to strike their pleadings and to enter judgment by default."

In Evans v. Schlein, 51 A.2d 472, notice to take deposition was served on each plaintiff. On the day set plaintiffs' counsel filed a motion to stay and limit the taking of depositions. Subsequently this motion was denied. Further notices setting a new time were served. Two hours before the time for taking the depositions arrived counsel for plaintiffs notified counsel for defendants that plaintiffs would not attend at the time and place designated. Defendants' counsel then proceeded under Rule 37 (d) to secure a dismissal of the complaint. Immediately before the hearing plaintiffs' counsel filed an affidavit of one of the plaintiffs objecting to having the depositions taken at the office of defendants' counsel, setting up as a reason for not appearing that plaintiffs had been insulted in defendants' counsel's office by counsel for defendants. In affirming the dismissal the court said:

"It is likewise true, however, that if opposing counsel desire a change of time or place or other details, they should make seasonable application to the court and not, as was done here, wait until the date of the examination before taking action. The sanctions permitted by the rules are properly imposed under such circumstances."

161

In the case at bar defendant was fully aware that he would be required to submit to a full discovery deposition. The initial proceedings should have made him conscious of the fact that plaintiff intended to resort to the sanction provisions if he did not. If the time and place for the taking of his deposition was not satisfactory to him or his counsel, adequate protection was affored by Rule 19–5 subsection 2. He did not see fit to avail himself of these provisions. If the production of the *original* documents he was noticed to produce was an undue hardship he could have likewise sought the modification of the notice under the provisions of the last sentence of Rule 19–5 subsection 2. If, as a result of so-called prior commitments, adjournment of the deposition hearing of October 7 became necessary or if continued interrogation produced a hardship, an adequate remedy was provided for by 19–6 subsection 3. He did not attempt to follow the procedure there outlined. And it should be particularly noted that so far as the record before us shows, neither between the time defendant left the deposition hearing on October 7 and the hearing of the motion for judgment on October 15, nor at the hearing on October 15, did defendant or his counsel offer to resume and continue the deposition hearing. In fact no such offer is even made in the motion to vacate the judgment. In addition, the trial judge at the time of entering up judgment had before him the plaintiff's sworn motion, undenied and uncontradicted, alleging wilful refusal to remain and answer questions, and wilful refusal to produce documents. The defendant could have denied the allegations in the petition if he had any defense to it by filing a counter affidavit or offering evidence. Failing to do either, the allegations of the sworn motion must be taken as true. Furthermore, at the time of judgment, the original complaint had never been denied or pleaded to. We are of the opinion

that the trial court did not abuse its discretion in entering judgment against defendant. Since the motion for judgment was properly granted, the motion to vacate the judgment was properly denied.

Affirmed.

REYNOLDS and CARROLL, JJ., concur.