In the Matter of the Estate of Alice B. Atwood, Deceased. Thomas H. Fisher, Appellant, v. Michael De Bella, Continental Illinois National Bank and Trust Company of Chicago, Executor of the Estate of Alice B. Atwood, Deceased, et al., Appellees.

Gen. No. 52,589.

First District, First Division.

June 10, 1968.

Rehearing denied July 8, 1968.

Horace A. Young, of Chicago, for appellant.

Roger W. Barrett, Burton E. Glazov, Leonard E. Handmacher, and Robert L. Phee, of Chicago (Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of counsel), Charles M. Nisen and Kai Allen Nebel, of Chicago (Nicholson, Nisen, Elliott & Meier, of counsel), and Irving B. Campbell and Spencer & Bishop, of Chicago, for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Thomas Hart Fisher appeals from the dismissal of a petition filed by him to contest the Will of Alice B. Atwood as well as from various other orders entered in the supplemental Will contest proceedings. In addition, he appeals from certain orders entered in Citation Proceedings to Discover Assets and Information brought by Continental Illinois National Bank and Trust Company of Chicago, the Executor of the Will. The issues on this appeal arise solely on the pleadings and on the aforementioned orders entered thereon and in relation thereto.

Alice B. Atwood, deceased, executed a Will on December 2, 1964, and it was admitted to probate on April 4, 1966. Letters Testamentary were issued on that date to Continental Illinois National Bank and Trust Company of Chicago, the named Executor. By the terms of the Will the testatrix bequeathed her entire estate to one Michael De Bella. Citation proceedings were instituted in the Probate Division of the Circuit Court by the Executor against Fisher, among others. In an effort to locate the decedent's assets sworn testimony of Fisher was taken on May 20th, August 8th, August 22nd, September 6th, and September 26th. On October 20, 1966, an order was entered in the Citation proceedings (nunc pro tunc as of October 18th) by Magistrate Kogut, instructing Fisher generally to produce "All books, papers and records in his possession or control which may contain information concerning the property of Alice B. Atwood, deceased, as required un-

314

der the Citation heretofore served upon him." The order further recited that Fisher was to produce certain specified documents which pertained to financial transactions involving the decedent's assets during her lifetime. The matter was then continued to November 23, 1966.

On November 14, 1966, Fisher, referring to himself as "Petitioner and Complainant," filed a supplementary proceeding to contest the Will of Alice B. Atwood in the Probate Division of the Circuit Court. In his petition, Fisher alleged that the previously probated Atwood Will was the product of a conspiracy between Michael De Bella and the two witnesses to the Will, as well as various other persons named as respondents, and he further alleged that the decedent was subjected to undue influence by them and lacked mental capacity to make the Will at the time she supposedly executed it. The decedent's three heirs, Edwin K. Atwood, Richard W. Atwood and Elise Atwood Baldwin were made respondents as "interested persons" under sections 90 and 91 of the Probate Act (Ill Rev Stats 1963, c 3 §§ 90, 91). The petitioner stated that he too was an "interested person" within the intendment of the act.

On November 15th, the Executor served Fisher with a notice for the taking of his discovery deposition in the Will contest proceedings on December 15, 1966. Three days before the latter date the Executor served Fisher with a notice rescheduling the deposition to January 18, 1967.

On November 23, 1966, in the Citation proceedings, Magistrate Kogut entered an order which recited that Fisher had been "evasive and dilatory" and had failed to produce certain documents set forth in the order of October 18th. The order further recited that Fisher was in contempt of court, and he was given until November 25th to purge himself of said contempt. On Novem-

ber 25th, Fisher failed to appear in court and his attorney explained that Fisher's absence was due to illness. The magistrate entered an order instructing Fisher's attorney to present to the court on November 29th (the cause being continued until that date) an affidavit from Fisher's physician to substantiate the alleged illness. On November 29th, Fisher's attorney failed to produce the affidavit requested by the court, whereupon Magistrate Kogut entered an order "that a capias issue forthwith for the attachment of Thomas Hart Fisher."

In late December of 1966 and early January of 1967, various respondents named by Fisher in the Will contest moved to strike Fisher's petition. These respondents alleged that Fisher's allegation that he was an "interested person" was a mere legal conclusion unsupported by fact, and therefore, it was insufficient to afford him the necessary standing under section 90 of the Probate Act to challenge the validity of the decedent's Will. Certain of the respondents further alleged that they were not proper parties and should be dismissed. On April 24, 1967, Fisher, with leave of court, amended and supplemented his petition. He alleged therein that he was entitled to "a large part, if not all" of the estate of Alice B. Atwood under the terms of an earlier Will executed by her on July 15, 1948. Due to the alleged invalidity of the probated instrument and the existence of a prior valid will, Fisher claimed to be an "interested person." On the same date, Edwin K. Atwood, another respondent in the Will contest, filed his motion to dismiss pursuant to section 48 of the Civil Practice Act. Edwin K. Atwood's motion, in which he alleged that Fisher was not an "interested person" under section 90, was supported by affidavits of the movant and his attorney and by the deposition of one, Norman Crawford. The motion to dismiss and the affidavits and deposition in support thereof tended to show that the basis for Fisher's purported

interest, the 1948 Will, was executed as the result of Fisher's undue influence upon Alice Atwood.

Further proceedings were had before Judge Pavlik in the Will contest action on April 27, 1967, when the Executor moved the trial court to impose appropriate sanctions under Supreme Court Rule 219 (Ill Rev Stats 1967, c 110A, § 219) on the ground that Fisher had inexcusably refused and failed to appear for the deposition scheduled for January 18th. Following a hearing on the motion, Judge Pavlik entered an order requiring Fisher to appear for the taking of his deposition at a specified time and place on May 3rd. The order further recited that if Fisher should fail to appear on that date he would have until May 24th to answer or otherwise plead in response to the Executor's motion. The Executor was given until June 1 to file its response to any papers filed by Fisher, and a hearing on the motion was set for June 5th.

Fisher did not appear on May 3rd. Instead he filed his verified response to the Executor's motion on May 24th. In his response Fisher alleged, inter alia: (1) that at the time he filed his Will contest he was a resident of Florida and not of Illinois, and therefore, the court, under Supreme Court Rule 203, only had the authority to order Fisher to give his deposition outside of Illinois because Fisher was a defendant for the purposes of said rule; and (2) that he was willing to give his deposition in Washington, D. C., Ocala, Florida, or at any other place outside of Illinois reasonably determined by the court in the exercise of its discretion. In addition, Fisher filed a motion asking the court, among other things, to terminate the Citation proceedings, or, in the alternative, to stay, vacate or enjoin the order for his arrest in said proceedings.

On June 5th, the aforementioned motions by various respondents that they be dismissed as parties and the petition stricken as to them was granted by Judge Pav-

317

lik. The motion of Edwin K. Atwood to dismiss Fisher's petition was continued until June 21st.

On June 6th, Fisher filed a motion before Magistrate Kogut for a suspension of all further citation proceedings and for an order staying his detention or attachment under the previously issued capias until ten days after a final judgment had been reached in the Will contest proceedings. The motion was denied.

On June 30th, following a hearing, Judge Pavlik entered an order finding, inter alia: (1) that Fisher had "unreasonably and inexcusably" failed to appear for the taking of his deposition on both January 18th and May 3rd, and that "at no time . . . has Thomas Hart Fisher appeared for said deposition, but has instead failed, without valid excuse, to pay heed to either the discovery rules or the Order of this court"; (2) that Edwin K. Atwood's motion to dismiss the petition and its supporting affidavits and deposition stood uncontradicted because of the failure of Fisher to present any responsive pleading or evidence; and (3) that said uncontradicted motion, affidavits, and deposition showed conduct by Fisher which rendered the Will relied on by him legally void, thereby rendering Fisher not an "interested person" as defined in Section 90 of the Probate Act. The order further recited:

> The Court having found herein that Thomas Hart Fisher is not an interested person as defined in section 90 in the Illinois Probate Act . . . and the Court having further found that the motion of Edwin K. Atwood, pursuant to section 48 of the Civil Practice Act, was well taken and the Court having further found that Thomas Hart Fisher has unreasonably and inexcusably failed to attend and give the depositions as required, each of the said findings being in itself a sufficient basis for the entry of an order dismissing, with prejudice, . . . the supplemental proceedings filed by Thomas Hart Fisher . . . It is,

therefore, ordered, that the Supplemental Proceedings filed by Thomas Hart Fisher to contest the will of the decedent, Alice B. Atwood, dated December 2, 1964, be and the same are hereby dismissed, with prejudice, and without leave to amend . . .

On July 14, 1967, Fisher filed a verified motion to vacate and amend the prior order of June 30th. He denied that the earlier Atwood Will had been executed as a result of his undue influence over the testatrix. He further stated that the court was in error in finding that he had "unreasonably and inexcusably" failed to attend the January 18th and May 3rd depositions because he had been prevented from attending by virtue of the capias issued by Magistrate Kogut in the Citation proceedings. On July 17, Judge Pavlik denied Fisher's motion.

Fisher prosecutes this appeal from the following orders entered by Magistrate Kogut in the Citation proceedings: the order of October 18, 1966, ordering him to produce certain books and records pertaining to the estate of Alice B. Atwood; the order of November 23, 1966, finding him to be in contempt of court; the order of November 25, 1966, requiring Fisher's attorney to produce an affidavit of Fisher's physician substantiating Fisher's alleged illness; the order of November 29, 1966, which issued a capias for Fisher's arrest; and the order of June 6, 1967, denying Fisher's motion for an order staying his detention or arrest pending the outcome of the Will contest proceedings. He appeals from the following orders entered by Judge Pavlik in the Will contest proceedings: the order of April 27, 1967, instructing Fisher to appear on May 3rd for the taking of his deposition; the order of June 5, 1967, dismissing various respondents; the order of June 30, 1967, dismissing the Will contest action with prejudice; and the order of July 14, 1967, denying Fisher's motion to vacate and amend the order of June 30th.

319

■ We first address ourselves to the orders entered by Magistrate Kogut. Fisher complains that the order of October 18th, in its description of documents to be produced "was so extensive, so vague, so indefinite, and so unspecified that their production was both a literal and physical impossibility." An appeal from this same order was dismissed by this court in Fisher v. Continental Illinois National Bank & Trust Co. of Chicago, 77 Ill App2d 102, 222 NE2d 160, wherein the court held that the order complained of was not final and appealable.

■■ Likewise, we have concluded that the other orders complained of by Fisher, entered by the Magistrate, are not final appealable orders. The orders of November 23rd, November 25th, November 29th, and June 6th, were all entered in consequence of, and in relationship to, the finding of Magistrate Kogut that Fisher was in contempt of court for failing to comply with the court's order of discovery for the production of certain documents. The record reveals that no penalty for the contempt was imposed upon Fisher. Therefore, the order finding Fisher to be in contempt cannot be considered a final order for purposes of appeal. County of Cook v. Triangle Sign Co., 40 Ill App2d 202, 189 NE2d 25; Flaningam v. Flaningam, 331 Ill App 418, 73 NE2d 652. Nor does the fact that a capias was issued for the attachment of Fisher render the orders entered in relationship to the finding of contempt appealable. Atwater v. Atwater, 35 Ill App2d 382, 183 NE2d 174. For the reason that the Magistrate imposed no penalty upon Fisher in the way of a fine or imprisonment the appeals from orders entered in relationship to the finding of contempt are dismissed. See also People ex rel. General Motors Corp. v. Bua, 37 Ill2d 180, 226 NE2d 6.

We next address ourselves to the orders entered by Judge Pavlik in the Will contest proceedings. We shall deal only with those issues revolving around the dismissal

of Fisher's petition for his failure to appear for the taking of his deposition, because we regard this resolution as dispositive of this appeal.

Under Supreme Court Rule 219 (Ill Rev Stats 1967, c 110A, § 219) the trial court has the authority to dismiss with prejudice the suit of a party who unreasonably refuses to comply with a discovery order entered by the court:

> (c) Failure to Comply with Order or Rules. If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:
>
> . . . . . .
>
> (v) . . . a judgment by default be entered against the offending party or that his suit be dismissed with or without prejudice; . . .

A finding that a party's refusal to comply with discovery orders is unreasonable and the entry of a judgment of dismissal with prejudice thereupon is discretionary with the trial court, and the judge's exercise of discretion will not be interfered with unless it appears to have been abused. Rosales v. Marquez, 55 Ill App2d 210, 204 NE2d 829. It is apparent to us that Judge Pavlik did not act unreasonably in the instant case when he dismissed the supplemental Will contest proceedings filed by Fisher. It is undisputed that Fisher failed to appear for the taking of his deposition on January 18th after having been served with notice. He also failed to appear on May 3rd at the time and place ordered by the judge. Furthermore, Fisher supplied no excuses for his behavior until after he had failed to appear both times. The fore-

going facts amply justify the court's finding that Fisher had unreasonably failed to comply with the Supreme Court Rules and with the court's own order for discovery, and they also justify the court's decision to dismiss Fisher's petition. Kocis v. Kocis, 47 Ill App2d 68, 197 NE2d 460; Payne v. Payne, 31 Ill App2d 141, 175 NE2d 614. Fisher exhibited an intent to evade his obligations under the Rules; it is difficult to conceive of a more effective obstruction to the judicial process than that which was demonstrated here.

 Fisher contended in his answer to the Executor's motion for sanctions, and he raises the point here again in his brief, that his failure to give his deposition on May 3rd was not a sufficient basis for the dismissal order because at the time of the deposition he was a nonresident, and under Supreme Court Rule 203, the trial judge did not possess the jurisdictional authority to order him to give his deposition in Illinois. He supports this thesis by contending that although he filed the Will contest action as "Petitioner-Complainant," he was not a nonresident plaintiff within the meaning of Rule 203 because the Executor had instituted the original action to probate the Will. We find Fisher's contention to be untenable. Supreme Court Rule 203 (Ill Rev Stats 1967, c 110A, § 203) provides that the court, in its discretion, may order a nonresident plaintiff to appear for the taking of his deposition at a designated place in this state. It is apparent to us that the purpose of this rule is to provide jurisdictional authority for the purpose of discovery over parties who establish the requisite contacts with Illinois by bringing an action in this state. Fisher instituted the Will contest action by filing his complaint and for this reason could properly be designated a plaintiff. Ill Rev Stats 1963, c 3, § 90; Ill Rev Stats 1963, c 110, § 21(1). In any event, as we view the rule its purpose is jurisdictional, not semantic; therefore,

Fisher, as a party seeking relief in a court of this state by bringing an action, was subject to the court's authority to order him to appear in Illinois for a deposition.

 Fisher next contends that the court's finding that he had "unreasonably" failed to comply with discovery orders was unwarranted in view of the fact that he offered to give his deposition at various places outside of Illinois. Fisher, however, did not make this offer until he had failed to appear at the two depositions. he did not take advantage of the specified procedure for challenging the propriety of discovery orders. Supreme Court Rule 201 provides, in part:

(c) Prevention of Abuse.

(1) Protective Orders. The court may at any time on its own initiative, or on motion of any part or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. (Ill Rev Stats 1967, c 110A, § 201 (c) (1).)

We cannot say the court abused its discretion by not taking advantage of Fisher's offers. In Coutrakon v. Distenfield, 21 Ill App2d 146, 157 NE2d 555, the court, affirming the striking of a defendant's pleading and the entry of judgment in plaintiff's favor for defendant's failure to give his deposition, dealt with the question of defendant's responsibility to raise his objections prior to the deposition pursuant to Rule 19–5 (the predecessor to present Rule 201 (c) (1)) :

In the case at bar defendant was fully aware that he would be required to submit to a full discovery deposition. The initial proceedings should have made him conscious of the fact that plaintiff intended to resort to the sanction provisions if he did not. If the

time and place for the taking of his deposition was not satisfactory to him or his counsel, adequate protection was afforded by Rule 19–5, subsection (2). He did not see fit to avail himself of these provisions. 21 Ill App2d at page 162.

In the instant case Fisher was aware of the Executor's intention to resort to sanction provisions if he failed to attend the deposition scheduled by the court in its order of April 27th. If he objected to the time or place set for the deposition, or if he had suggestions of his own to make in that regard, he should have availed himself of the procedure set forth in Rule 201(c) (1). A litigant may not disobey the Court's orders and then attempt to negotiate with the Court by offering to comply with an order more to his liking.

A similar disposition must govern our consideration of Fisher's contention that the court erred by not issuing a Writ of Protection to prevent his arrest. The court was not presented with this request in a seasonable manner under Rule 201(c) (1), for at the time it was made Fisher had already disobeyed the court's discovery order. It was clearly within the court's discretion not to grant Fisher's request and to dismiss his petition. Judicial orders are the most solemn acts of the court, and if they are not obeyed they cease to be judicial; therefore, the remedy for enforcing these orders represents the life line of the court.

Fisher also contends that he was not required to appear for deposition because (1) the notice of deposition was not served on all parties to the Will contest; (2) Judge Pavlik's April 27 order requiring him to appear on May 3rd for deposition did not specify a "discovery" or "evidence" deposition; and (3) Judge Pavlik's April 27 order merely gave Fisher an election of whether to appear or not on May 3rd.

324

■ We believe that these contentions are without merit. As to the first contention, Fisher failed to raise it before he failed to appear for the court order and deposition; furthermore, it is apparent that the only parties of record at the times when Fisher was served with notice of the forthcoming depositions were Fisher and the Executor. For this reason, the Executor was not obligated to serve the other parties named as respondents in the Will contest filed by Fisher for they, as yet, had not filed their appearances. Supreme Court Rule 104(b) (Ill Rev Stats 1967, c 110A, § 104(b)).

■ Fisher's second contention should have been raised with the trial court before he disobeyed the court's discovery order. His failure to raise this objection seasonably in the manner provided for by the Supreme Court Rules renders it ineffective as a method of calling into question the court's exercise of discretion in dismissing the Will contest.

Finally, we cannot agree with Fisher's interpretation of the order of April 27th; i. e., that it made his appearance on May 3rd for the taking of his deposition conditional. Fisher argues that the order gave him alternative choices: either he could appear on May 3rd, or he could fail to appear and explain his absence in a responsive pleading to the Executor's motion to be filed before May 24th. The order of April 27th recited, inter alia:

> Plaintiff, Thomas Hart Fisher, shall appear for the taking of his deposition by defendant, Continental Bank, on Wednesday, May 3, 1967, at Room 1955, 231 South LaSalle Street, Chicago, Illinois at 2:30 P. M. In the event plaintiff, Thomas Hart Fisher, fails to appear for his deposition on May 3, 1967 in accordance with this Order:
>
> (a) Plaintiff, Thomas Hart Fisher, shall have until May 24, 1967 to move, answer or otherwise plead in

response to defendant, Continental Bank's Motion for Sanctions . . .

(b) Defendant, Continental Bank, shall have until June 1, 1967 to file its response, if any, to the papers, if any, filed by plaintiff . . .

(c) The hearing on defendant, Continental Bank's Motion for Sanctions on Thomas Hart Fisher for Failure to Appear for Deposition is set for June 5 . . . .

 The foregoing order absolutely required Fisher to appear for the taking of his deposition on May 3rd. The fact that it also provided a briefing schedule and a date for hearing on the Executor's motion did not render its command that Fisher appear any the less absolute. Furthermore, in relying on his own interpretation of the order, which was clearly unjustified in view of the order's plain language, Fisher exposed himself to the imposition of sanctions for his failure to appear on May 3rd; and as we have heretofore pointed out, the dismissal of Fisher's petition was an appropriate exercise of judicial discretion under the circumstances.

The order of the Probate Division of the Circuit Court dismissing the petition of Thomas Hart Fisher to contest the Will of Alice B. Atwood with prejudice, is therefore affirmed. That portion of the appeal from the orders entered by Magistrate Kogut in the pending and separate citation proceeding is dismissed.

Affirmed in part; appeals dismissed in part.

ADESKO and MURPHY, JJ., concur.