MILDRED GALLO, Plaintiff-Appellant, *v*. KENNETH HENKE *et al.*,
Defendants-Appellees.

Second District    No. 81-716

Opinion filed June 9, 1982.

Lawrence Schlam, Harvey L. Walner & Assoc., and Geoffrey G. Johnson, all of Chicago, for appellant.

John H. Krackenberger, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Mildred Gallo, appeals from an order of the circuit court of Lake County which dismissed her personal injury action against defendant, Kenneth Henke and the County of Lake. The court dismissed the action on account of plaintiff's failure to appear for the taking of her evidence deposition. Plaintiff contends on appeal that her absence did not constitute an unreasonable refusal to comply with discovery, and that dismissal of her complaint with prejudice on this basis was an unduly harsh sanction.

On October 15, 1979, plaintiff filed a complaint in the trial court seeking recovery for personal injuries allegedly sustained in an automobile accident on January 10, 1977. Kenneth Henke, the Lake County Highway Department and the County of Lake were named as defendants. Plaintiff had previously filed a complaint in these premises, 78L508, but had voluntarily dismissed her action without prejudice. The proceedings in the prior case have been filed herein as a supplemental record. A special and limited appearance was filed on behalf of the County and the Lake County Highway Department followed by a "motion to quash purported service of summons." On December 14, 1979, the trial court granted the latter motion.

On four or five occasions during the pendency of litigation, defendants served plaintiffs' counsel with notices for the taking of plaintiff's deposition. The deposition was to be taken at the offices of defendants' counsel in Waukegan, Illinois. The dates listed in the respective notices were December 14, 1979, April 6, 1981, April 24, 1981, and August 6, 1981. (It was alleged in defendants' motion to dismiss that a notice of deposition had also been served for April 14, 1981, although no notice to that effect appears in the record.)

On August 25, 1981, defendants filed a motion to dismiss alleging that on the December date and each of the April dates for which the deposition had been scheduled, plaintiff had refused to appear and had instead requested a continuance. It was further alleged that plaintiff had failed to appear on August 6, 1981, and that no continuance with respect to that date had been requested by plaintiff. Attached to the motion to dismiss was a transcript of the proceedings which occurred on August 6. In that transcript, defendants' counsel stated that neither plaintiff nor her attorneys had appeared, and that no communication concerning the deposition had been received. A call had been placed to the offices of plaintiff's counsel, and a secretary advised that, while the deposition was marked on their date book, apparently no attempt had been made to contact plaintiff concerning her attendance at the deposition. Plaintiff filed no response to the motion to dismiss, and on August 25, 1981, the trial court, noting that the cause had been previously dismissed and finding "no showing of a basis for the plaintiff's failure to appear for her deposition," granted the motion and dismissed the cause with prejudice. Plaintiff filed a timely notice of appeal.

Prior to addressing the merits of the appeal, we consider the motion to dismiss and for other relief, and the objections thereto, which this court has ordered taken with the case. Defendants advance two bases for dismissal of the appeal: that plaintiff, a nonresident of Illinois, had failed to post a bond for costs, and that no report of proceedings has been filed.

■■ Supreme Court Rule 364 (73 Ill. 2d R. 364) provides for issuance of a rule to show cause why the appeal should not be dismissed when it is shown that an appellant is a nonresident of Illinois and has failed to post a bond for costs. However, this court denied defendants' motion for a rule to show cause on February 9, 1982. The question is moot. Defendants also assert the appropriateness of dismissal or summary affirmance due to plaintiff's failure to file a report of proceedings. However, this case presents a legal issue arising from the dismissal of the complaint and was decided without an evidentiary hearing. A report of proceedings is thus unnecessary to decision of the appeal. *Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093.

■■ Defendants next move to strike the supplemental record which was filed in this case, 79 L 919, on plaintiff's motion on December 30, 1981. The supplemental record consists of the common law record in the prior lawsuit, 78 L 508, between these parties, which was voluntarily dismissed by plaintiff. The extent to which the record of the former case was before the court here cannot be ascertained precisely, although the court in its order of dismissal did refer to the case number and its result. The sole matter of substance with respect to this case contained in the supple-

mental record is the statement, found in plaintiff's answer to interrogatories and in her motion for voluntary dismissal, that she was then a resident of Alabama. In view of the limited substantive importance of the supplemental record to this appeal, the trial court's reference to the case number in its order and the fact that defendants did not object to the motion to file the supplemental record when it was first presented to this court, the motion to strike is denied.

Defendants also move to strike the appellant's brief or Issue I therein. They claim that the brief as a whole is violative of Supreme Court Rule 341 (73 Ill. 2d R. 341), in that its components are not listed in the order provided by rule, and that the brief's introductory paragraph is incomplete, argumentative, and replete with matters outside the record. Similar objections have been lodged with respect to the brief's statement of facts, and defendants further complain of plaintiff's failure to cite cases in accordance with Rule 341(d). While there is merit to many of defendants' contentions concerning the appellant's brief, none of the violations of Supreme Court Rules noted are of such flagrancy to hinder or preclude review, and we find that neither striking the brief nor dismissal of the appeal is warranted. With respect to the motion to strike Issue I, defendants are correct that the record discloses little information upon which the merits of that issue can be decided. However, while that fact may militate in favor of affirming the trial court's determination we are not inclined to strike the issue from the appellant's brief.

In summary, the motion by defendants to dismiss and for other relief is denied.

Plaintiff maintains that inasmuch as she is a nonresident of Illinois and was not served with an order of court requiring her attendance, her failure to appear for the noticed evidentiary depositions cannot be deemed an unreasonable failure to comply with discovery. Defendants, in their motion to strike the supplemental record, have raised an initial issue as to whether plaintiff's nonresidency at the time of the events here in question has properly been made matter of record. Defendants also maintain that plaintiff's failure to frame a challenge in the trial court to the various notices of deposition militates against her position on this appeal.

Plaintiff contends that she was a resident of Alabama at all times at which she was noticed to appear so that under the terms of Supreme Court Rule 203 (73 Ill. 2d R. 203) she was not required to attend any deposition without a prior order of court to that effect. As defendants note in their motion to strike, there is no indication in the record of this case that plaintiff is a nonresident. Such information was contained in the record of the former case between these parties, on file here as a supplemental record, but that information, even assuming it was known to

the trial court in this case, was current only as of August 1979. The record fails to substantiate plaintiff's claim to have been a nonresident of Illinois in 1981.

Plaintiff's position as to the reasonableness of her failure to attend the deposition must fail, for her argument on this issue is premised entirely on her nonresidence in Illinois.

■■ However, even if plaintiff's nonresidence had been shown, Supreme Court Rule 204(a)(3) (73 Ill. 2d R. 204(a)(3)) provides that "Service of notice of the taking of the deposition of a party * * * is *sufficient to require* the appearance of the deponent and the production of any documents or tangible things listed in the notice." (Emphasis added.) This Rule is concerned with establishing a procedure by which the appearance of the deponent may be compelled. Although Rule 204 recognizes a distinction between actions pending in Illinois and those pending in other jurisdictions, it does not differentiate between parties residing in Illinois and nonresidents. On the other hand, Rule 203 is concerned with the place at which depositions may be taken. Although the terms of the latter Rule established the authority of the court to order a nonresident plaintiff to appear in this State for the purpose of giving a deposition (*In re Estate of Atwood* (1968), 97 Ill. App. 2d 311, 240 N.E.2d 451), neither of the Rules here in question establishes the issuance of a court order as a prerequisite to the taking of a deposition of a nonresident plaintiff.

Plaintiff's position with respect to the operation of Rules 203 and 204 was implicitly rejected in *In re Estate of Atwood.* In both *Atwood* and *Coutrakon v. Distenfield* (1959), 21 Ill. App. 2d 146, 157 N.E.2d 555, the courts noted the potential for abuse of discovery, but in each instance found impermissible the suggestion that a party required to give a deposition may ignore the abuse-prevention measures provided by the Supreme Court Rules and choose instead not to appear.

In the absence of any affirmative suggestion in the record that discovery was being abused, plaintiff was required to respond to the notices of deposition served upon her counsel. In view of her failure to do so or to seek further continuance of the deposition scheduled for August 6, 1981, the record provided the trial court a basis upon which it could have concluded that plaintiff had unreasonably failed to comply with discovery.

Sanctions for failure to comply with discovery are provided in Supreme Court Rule 219(c) (73 Ill. 2d R. 219(c)). Among the sanctions that may be imposed are dismissal of an action with or without prejudice. (73 Ill. 2d R. 219(c) (v).) The imposition of sanctions for noncompliance with discovery rules and orders rests largely within the discretion of the trial court and will not be disturbed on review absent a clear abuse of that

discretion. *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 402 N.E.2d 352; *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 398 N.E.2d 264.

■■■ The dismissal of a party's cause of action is a drastic sanction and should not be invoked except in those cases where the actions of the parties show a deliberate and wilful disregard of the court's authority. (*White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 398 N.E.2d 24.) While the trial court may impose necessary sanctions to accomplish discovery, it may not impose sanctions which are intended primarily as punishment. An order of sanctions which is just within the meaning of Supreme Court Rule 219 is one that provides both for discovery and trial on the merits. *In re Estate of Rice* (1981), 96 Ill. App. 3d 1137, 421 N.E.2d 1034; *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119.

■■■ Although the instant plaintiff failed to appear for the taking of her deposition on four or five occasions when she had received notice to do so, on all but the last occasion she had arranged for the deposition to be continued. Defendants had notified plaintiff upon the occasion of the last continuance that they would not agree to further continuances, but were subsequently advised that plaintiff's attorney had not made any attempt to contact plaintiff to arrange her appearance. Although the conduct of plaintiff's attorney has delayed discovery and, consequently, disposition of the case upon the merits, this record failed to disclose her wilful or contumacious refusal to comply with discovery. For example, plaintiff made at least some response to discovery requests while the cause was pending. There is no affirmative showing in the record that plaintiff sought deliberately to obstruct the discovery process, nor does this case involve a failure to comply with a deposition date established by order of the court. Moreover, no attempt had been made to invoke lesser sanctions prior to seeking dismissal of the cause with prejudice. Finally, it does not appear on the face of the motion to dismiss or in the appended transcript that consultation had occurred between counsel in an effort to resolve their differences over discovery. In the absence of such a statement, required by Supreme Court Rule 201(k) (73 Ill. 2d R. 201(k)), defendants' motion to dismiss was defective. (*Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 416 N.E.2d 252.) In view of these facts and despite the absence of any explanation as to why plaintiff's attorneys failed to contact her regarding the notice of deposition, the trial court abused its discretion in dismissing the cause with prejudice.

The authorities relied upon by defendants are distinguishable. In *In re Estate of Atwood* (1968), 97 Ill. App. 2d 311, 240 N.E.2d 451, sanctions were imposed after two unexplained failures to appear for deposition, the

second date having been established by order of court. In *Coutrakon v. Distenfield* (1959), 21 Ill. App. 2d 146, 157 N.E.2d 555, it affirmatively appeared from the record that the party in question had assumed the role of an obstructionist to discovery. Indeed, it has been observed that cases upholding dismissal as a sanction for violation of discovery "involve evidence of refusal to comply with discovery procedures or gross neglect in respect thereto, and nearly all involve disobedience or repeated disobedience of court orders." (*Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 455, 243 N.E.2d 27, 31; see also *White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 398 N.E.2d 24.) Unlike the cases in which dismissal has been affirmed, the present case involves only a single failure to attend a deposition, albeit after repeated continuances, and features no other indicia of wilful failure to comply with discovery.

■■ Finally, while in the absence of a report of proceedings this court must assume that the trial court received sufficient evidence regarding plaintiff's conduct to justify its order (*Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 361 N.E.2d 36; *Bicek v. Quitter* (1976), 38 Ill. App. 3d 1027, 350 N.E.2d 125), this principle does not require that this court agree that the sanction imposed was appropriate. Thus, while the record must be viewed as sufficient to support a finding that plaintiff failed to comply with discovery, we reverse and remand for consideration of sanctions other than dismissal with prejudice. See *In re Estate of Rice* (1981), 96 Ill. App. 3d 1137, 421 N.E.2d 1034.

Defendants' motion taken with the case is denied. The judgment of the circuit court of Lake County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.